Wilma F. **ROBERTS**, Appellant,

v.

W. Munro **ROBERTS**, Respondent.

No. 45339.

Missouri Court of Appeals,
Eastern District,
Division Three.

Oct. 5, 1982.

Motion for Rehearing and/or Transfer
Denied Nov. 19, 1982.

Jerry J. Murphy, St. Louis, for appellant.

Godfrey P. Padberg, St. Louis, for respondent.

CRIST, Judge.

The trial court dismissed appellant ex-wife's motion to modify the provision for alimony in the parties' 1969 divorce decree, holding the provision did not award decretal alimony but merely approved ex-husband's contractual obligation to support his ex-wife and therefore was not subject to the court's modification. We reverse and remand.

We described the principal differences between decretal alimony and contractual support in *Bryson v. Bryson*, 624 S.W.2d 92, 94 (Mo.App.1981), in connection with provisions like this one made before January 1, 1974, the effective date of the present Dissolution of Marriage Act, §§ 452.300 to 452.415, RSMo. 1978. Both kinds of provisions were frequently in divorce decrees, having been submitted to the court in stipulations or agreements, and the test for differentiating them was whether the parties intended the provision to be for alimony subject to future modification, or for contractual support not modifiable except by the parties' consent or on a court finding it tainted by fraud, duress, or illegality. *Id.* The parties' intent must be determined by the provision's terms and by those of the underlying instrument. *See: Brewer v. Brewer,* 607 S.W.2d 694, 695 (Mo. App.1980). And when, as here, the parties were represented by counsel in the preparation and execution of the underlying instrument, we give the words and terms used by them their established legal meaning. *Keltner v. Keltner,* 589 S.W.2d 235, 238 (Mo. banc 1979). When the salient features of the parties' provision for alimony are reviewed under these principles, the trial court's conclusion it is contractual and not decretal cannot be sustained.

Prior to trial in the divorce action, the parties executed a two-part document captioned "Stipulation and Contractual Agreement In Settlement of All Property Rights Growing Out of Marital Relationship." The document recites the parties' agreement that in the event their divorce is decreed,

[T]he decree of divorce shall, subject to the approval of the Court, contain all the provisions hereinafter set forth under the caption "Stipulation," but that said decree of divorce shall make no provision for settlement of any other property rights of the respective parties growing out of the marital relationship as hereinafter set forth under the caption "Contractual Agreement."

That recital is followed by the sub-part captioned "Stipulation," which merely incorporates by reference a separate four-page document also captioned "Stipulation," signed by the parties and their respective attorneys, and containing a subsection captioned "Provisions Relating to Alimony and Maintenance of Wife." This appeal is not concerned with the details of

those provisions and we will not iterate them, other than to note the parties allude to the stipulated monthly payments as "Periodic Alimony payments" and further stipulate at the beginning of the subsection:

The following provisions relating to alimony and maintenance of the wife, shall, subject to the Court's approval, remain in full force and effect until the death of either party or until the plaintiff [ex-wife] shall become remarried, and subject to change or modification by the Court upon application of either party hereto and a showing of such changed circumstances arising subsequent to the granting of said decree as may in law authorize the Court to make such change or modification. . . .

Only the separate "Stipulation" was filed with the divorce court. The decree recites, so far as pertinent here: "[I]t is ordered, adjudged and decreed by the Court that . . . plaintiff [i.e., ex-wife] receive . . . alimony as per stipulation filed. . . ."

To sum up: First, the parties agreed at the outset that only the Stipulation's provisions, including that for alimony, shall be in their divorce decree, "subject to the approval of the Court." Their specifying in their Stipulation the amount of alimony being submitted for the court's approval is apropos to *North v. North,* 339 Mo. 1226, 100 S.W.2d 582, 587 (Mo.1936):

When parties agree as to the amount of alimony to be awarded by the court, they are asking that an award of alimony be made and suggesting that it be made in the amount agreed upon. Such an agreement is not a contract settling property rights, and an award made pursuant thereto is an award of alimony, and for that reason is subject to future modification by the court.

■ Further, the parties submitted the alimony provision as part of a stipulation, which they captioned as such and filed with the court as separate from their "Contractual Agreement." Recalling that both parties were represented by counsel, who even witnessed the Stipulation's execution, "[i]t would thus seem to be a fair, even if not compelling, assumption that in characterizing the instrument as a 'stipulation,' the parties did so advisedly and with the intention of having it accomplish the purpose in the case that a stipulation is designed to serve." *Alverson v. Alverson,* 249 S.W.2d 472, 475 (Mo.App.1952). A stipulation's ordinary purpose is to advise the court, *see: Nelson v. Nelson,* 516 S.W.2d 574, 577 (Mo. App.1974), and submission of the alimony provision in that form further reinforces the inference the divorce court was asked to and did award statutory alimony in the exercise of its independent judgment, rather than merely approve a contract for ex-wife's support.

Additional evidence of the parties' intent to seek decretal alimony is their description of the monthly payments as "Periodic Alimony," a term of art in law whose implications would be well-known to the lawyers, and the care with which both the duration of the payments and conditions for modification were kept within the power of the circuit court to effect. The instruments show a thoughtful, well-executed plan to secure an award of statutory alimony for ex-wife, and we hold the decree has that effect.

■ We are mindful of a provision in the parties' "Contractual Agreement" for the ex-husband's alimony obligation to extend beyond his death within the limits of an insurance trust to be maintained by him for that purpose. Ex-husband correctly asserts such a support obligation would be beyond the power of the divorce court to order, though within the power of the parties themselves to fix by contract, *see, e.g., North v. North,* 100 S.W.2d at 584, 587, but then argues the provision in the Contractual Agreement shows the alimony that was ordered was also contractual, and not decretal. We disagree. There is no question the insurance trust provision expresses a contractual support obligation, but it is entirely independent of the Stipulation provisions incorporated in the divorce decree. By so holding we only defer to the parties' decision to keep their Contractual Agreement separate from their Stipulation, so as to

accomplish by contract that which could not be accomplished by decree.

Order reversed and cause remanded with instruction to reinstate ex-wife's motion to modify decree.

CRANDALL, P.J., and PUDLOWSKI, J., concur.