**Emily Mary BUDT, n/k/a/ Emily Mary Stricklin, Respondent,**

v.

**Charles James BUDT, Appellant.**

No. 54938.

Missouri Court of Appeals,
Eastern District,
Division Three.

March 28, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 25, 1989.

Application to Transfer Denied
June 13, 1989.

Nicholas J. Riggio, Sr., St. Louis, for appellant.

Michael J. McAvoy, Richard Bumb, McAvoy and Bumb, P.C., Fenton, for respondent.

HAMILTON, Judge.

On May 10, 1985, the St. Louis County Circuit Court dissolved the marriage of Appellant Charles Budt and Respondent Emily Mary Stricklin, formerly Budt. A settlement agreement, incorporated into the decree, provided, in pertinent part, that:

> 7. Concerning the Anheuser–Busch stock in the name of Respondent, the same shall be divided in equal shares one-half each to the Petitioner and one-half to the said Respondent and in the event any of said shares have been sold since the filing of the petition for dissolution, said shares that were sold and income thereupon shall be divided one-half thereof and paid over to the Petitioner within (30) days from the date of this dissolution. This agreement shall include all separate stock plans at Anheuser–Busch as per verification by Anheuser–Busch's records.

On July 29, 1985, Wife filed a Motion to Enforce Judgment alleging that Husband had failed to pay Wife her one-half interest in his employee stock plans and union pension plan.[1] On November 7, 1986, the trial court granted Wife leave to amend her motion. On November 26, 1986, Wife filed a First Amended Motion to Enforce Judgment. The trial court thereafter dismissed the First Amended Motion without prejudice. On February 19, 1987, Wife filed a Motion for Contempt or, in the Alternative, Motion to Construe and/or Enforce Stipulation and Separation Agreement.

On May 19, 1987, the trial court granted Wife's request for a change of judge. The

matter then proceeded to a hearing on November 30, 1987.

The trial court found that, pursuant to paragraphs 7 and 19 of the separation agreement, Wife had a one-half interest in all of Husband's Anheuser–Busch stock, including stock owned by Husband and maintained in various stock plans. The trial court ordered Husband to pay to Wife $16,064.83 plus interest from May 10, 1985, which represented one-half the value of the stock plans acquired as a result of Husband's employment. Husband appeals the trial court's order insofar as it requires him to pay Wife one-half the value of his stock plans, plus interest and attorney's fees. We affirm.

On appeal, Husband asserts that the trial court erred (1) in granting Wife's request for a change of judge; (2) in ordering Husband to pay Wife one-half the value of his employee stock plans; (3) in awarding attorney's fees to Wife; and (4) in ordering Husband to pay interest on Wife's share of the amount withdrawn from Husband's Anheuser–Busch stock plans during pendency of the dissolution.

Because this matter was tried to the court, the appellate court must sustain the judgment of the trial court "unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law." *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

Initially, Husband contends the trial court erred in granting Wife's request for a change of judge. Because Husband failed, however, to object to the trial court's action, we cannot consider it on appeal. *Lincoln Credit Co. v. Peach*, 636 S.W.2d 31, 36 (Mo. banc 1982), *appeal dismissed*, 459 U.S. 1094, 103 S.Ct. 711, 74 L.Ed.2d 942 (1983); *Rietsch v. T.W.H. Co., Inc.*, 702 S.W.2d 108, 112 (Mo.App.1985). Moreover, we note that "[e]ven when a party is not entitled to a change of judge, if a judge at the suggestion of that party, or on his own motion disqualifies himself,

---

**1.** Husband later consented to entry of judgment against him for Wife's interest in the union pension plan and has not appealed this portion of the judgment.

there is no reversible error." *Rowe v. Moss*, 656 S.W.2d 318, 322 (Mo.App.1983).

■ Husband next asserts error in the trial court's determination that his employee stock plans were included in the language of paragraph 7 of the settlement agreement and, therefore, that Wife was entitled to one-half value of those plans. Husband argues the settlement agreement fails to include the stock plans because paragraph 7 refers to stock "in the name of Respondent." Accordingly, Husband argues, because the stock plans are "in the name of" the plan administrator, not Husband, the plans are exempt from division pursuant to paragraph 7 of the settlement agreement.

Husband's argument lacks merit. When construing the meaning of a provision in a separation agreement, the trial court must determine the parties' intent by examining the terms of the disputed provision as well as the terms of the underlying instrument. *Roberts v. Roberts*, 654 S.W.2d 613, 614 (Mo.App.1982). Where, as here, the litigants were represented by counsel in the preparation and execution of the underlying instrument, we will give the words and terms used by them their established legal meaning. *Keltner v. Keltner*, 589 S.W.2d 235, 238 (Mo. banc 1979); *Roberts*, 654 S.W.2d at 614.

The trial court determined that the parties intended to divide equally all marital property, including the Anheuser–Busch stock plans. The court reached its conclusion by examining the language of paragraph 7, which includes not only the language relied upon by Husband, but also the phrase "this agreement shall include all separate stock plans at Anheuser–Busch as per verification by Anheuser–Busch's records." That Husband was entitled to the benefit of various Anheuser–Busch stock plans is undisputed. To deprive Wife of her one-half interest in these stock plans, however, is to refuse to give meaning to all the language contained in paragraph 7.

The underlying agreement bolsters the conclusion that the parties intended that Wife receive one-half the value of the An-heuser–Busch stock plans. In paragraph 23, the parties recited that they have divided all of the marital and separate property. Moreover, the agreement as a whole discloses an intent that each party receive equal shares of the marital property. If the stock plans were excluded from the agreement, the value of the share of marital property received by Husband would exceed the value received by Wife by approximately $16,000. Such a result contravenes the intent of the underlying document.

The established legal meaning of a provision governing the disposition of employee benefits, such as a stock plan, also supports the trial court's conclusion. Husband strenuously argues that the phrase "in the name of" necessarily means the parties intended only to divide stock which was *titled* to Husband. This emphasis on the importance of title, however, is contrary to the prevailing legal classification of marital property in Missouri. When classifying property for division in connection with a marital dissolution, our courts look to the source of the funds used to acquire the property rather than to whom the property is titled when acquired. *Hoffmann v. Hoffmann*, 676 S.W.2d 817, 824–25 (Mo. banc 1984). Therefore, the trial court's construction of paragraph 7 was proper.

■ Husband next claims that the trial court's award of attorney's fees was unsupported by substantial evidence. Wife asserts that Husband failed to preserve the issue on appeal because he failed to object at trial.

The transcript reveals that Husband's attorney objected to an award of attorney's fees because the court lacked jurisdiction to make such an award. Husband's attorney claimed that no statute provided for an award of attorney's fees. In a post-hearing Motion to Reconsider, Husband's attorney reiterated this objection to the fee award and, additionally, argued that the separation agreement provided that each party pay his or her own attorney's fees. At no time did Husband's attorney argue an insufficiency of evidence as to the parties' relative financial status. Husband ob-

jected only to the trial court's jurisdiction; he failed to object to the quantum of evidence underlying the award. Having failed to present to the trial court the error now raised on appeal, Husband, therefore, has failed to preserve this point for review. *In re Marriage of Allen*, 681 S.W.2d 535, 539 (Mo.App.1984).

In his final point, Husband contends the court erred in ordering him to pay Wife interest from May 10, 1985, on her share of the income derived from Husband's withdrawals from his stock plans during the period between filing of the petition and entry of the decree. Husband argues that, because shortly after the date of the dissolution, he tendered an amount of money allegedly in full satisfaction of his obligations under paragraph 7, interest ceased to accrue. Wife argues that, because the court held that the sum of $3,864.86 was less than the full amount owed to Wife pursuant to paragraph 7, interest continued to accrue, unaffected by the tender.

Where the trial court construes the provisions of a separation agreement incorporated into a dissolution decree in order to determine the exact amount of money due thereunder, the resulting sum is due under the original decree and bears interest as of the date it should have been paid. *Payne v. Payne*, 635 S.W.2d 18, 23 (Mo. banc 1982).

The trial court determined the sum due Wife pursuant to the settlement agreement was $20,834.39. Because Husband failed to tender the full amount owing, interest continued to accrue, and the trial court properly awarded interest from May 10, 1985. *Haynes v. Allen*, 482 S.W.2d 85, 89 (Mo.App.1972).

During pendency of this appeal, Wife filed a Motion for Assessment of Damages for Frivolous Appeal pursuant to Rule 84.19. A frivolous appeal is "one which presents no justiciable controversy question and is so readily recognized as devoid of merit on the record that there is little prospect the appeal can succeed." *Foster v. Foster*, 703 S.W.2d 952, 954 (Mo. App.1986), quoting *Holman v. Ace Glass*

*Co.*, 687 S.W.2d 562, 563–64 (Mo.App.1984). Upon review of the entire record, we decline to classify this appeal as frivolous and, accordingly, overrule Wife's motion.

Judgment affirmed.