In re The MARRIAGE OF Norma Jean OVERHULSER and David Wayne Overhulser.

Norma Jean OVERHULSER (n.k.a. Curtis), Petitioner/Respondent,

v.

David Wayne OVERHULSER, Respondent/Appellant.

No. 71606.

Missouri Court of Appeals, Eastern District, Division Two.

March 3, 1998.

**952**

Seth D. Shumaker, Kirksville, for appellant.

Richard R. Howe, Canton, for respondent.

CRANE, Presiding Judge.

Father appeals from that portion of the judgment on his Motion for Judgment of Modification in which the trial court awarded mother interest in the amount of $16,649.72 on a continuing child support arrearage. Father claims that the court erred in awarding interest based on mother's interest calculation because mother's calculation was not supported by an affidavit as required by statute and her calculation included interest on amounts owed to the State of Iowa. We reverse.

The parties' marriage was dissolved on July 7, 1981. Pursuant to the decree Norma Jean Overhulser (mother) was given primary custody of the parties' four minor children and David Wayne Overhulser (father) was ordered to pay child support in the amount of $75.00 per child per month. In June, 1995 father filed a Motion for Judgment of Modification with respect to his child support obligations. On March 21, 1996 the trial court entered a judgment finding that the two remaining minor children were emancipated and terminating father's child support obligations. It also found that the parties had stipulated that as of that date father owed mother $4,182.11 in back child support and that mother was entitled to interest on delinquent support pursuant to Section 454.520 RSMo (1994). However, the court reserved

ruling on the amount of interest owed on the arrearage, pending submissions by counsel for the parties.

In April, 1996 mother filed an unverified calculation of the interest owed on the arrearage, claiming interest in the amount of $16,649.72. On October 10, 1996 the court found that, pursuant to Section 454.520, father owed mother $16,649.72 in interest. The court adopted mother's unverified calculation, which was marked as "Court's Exhibit # 1."

For his first point father contends that the trial court erred in assessing interest on the child support arrearage in that mother had not presented to the circuit clerk a sworn affidavit setting forth father's payment history and detailing the computation of interest claimed. He argues the affidavit was required by Section 454.520.5.

Section 454.520.5 provides:

As a condition precedent to execution for interest on delinquent child support or maintenance payments, the obligee shall present to the circuit clerk a sworn affidavit setting forth the payment history of the obligor under the judgment or order, together with a statement which details the computation of the interest claimed to be due and owing; except, that the payment history affidavit shall not be required for periods during which the clerk is acting as trustee pursuant to section 452.345 RSMo, or any other provision of the laws of this state. It shall not be the responsibility of the circuit clerk to compute the interest due and owing. The payment history affidavit and statement of interest shall be entered in the case record by the circuit clerk. If the obligor disputes the payment history as sworn to by the obligee, or the interest claimed, the obligor may petition the court for a determination. The court shall hold a hearing and shall make such a determination prior to the return date of the execution, or if this is not possible, the court shall direct the sheriff to pay the proceeds of the execution into the court pending such determination. If the determination as made by the court is inconsistent with the payment history affidavit of the obligee, or the interest claimed, the

amount of the execution shall be so amended.

This subsection of the statute provides a procedure by which a party to whom delinquent child support or maintenance payments are owed may execute on the amount of accrued interest by filing with the clerk an affidavit[1] computing the amount of interest owed. The amount so calculated becomes the amount of execution. If the amount is contested, the trial court must hold a hearing to determine the amount of execution.

 To collect delinquent interest on a child support judgment, a parent can proceed under Section 454.520.5, which proceedings are initiated by filing the required affidavit. Alternatively, a parent can file a motion to construe and enforce judgment in order to have the amount of interest determined and, after making that determination, to enforce the judgment. *See Payne v. Payne*, 635 S.W.2d 18, 23 (Mo. banc 1982); *Budt v. Budt*, 770 S.W.2d 343, 344, 346 (Mo.App.1989). Mother did not file the statutory affidavit or a motion to construe and enforce judgment. The only motion before the court was father's motion for modification. Section 454.370 RSMo (1994), which authorizes modification of a child support award, does not give the court the power to determine and award interest on past due support as relief to the other party in its judgment on a motion to modify. The trial court erred in awarding interest on delinquent child support to mother as part of its judgment on father's motion to modify.

For his second point father asserts that the trial court erred in assessing interest against father on the amount of child support due in each of the months beginning with May, 1985 and continuing through March, 1987. He argues that mother had not lost the use of the money due in those months because she had assigned her right to receive support to the State of Iowa. Because this question will arise again if mother refiles the same calculation supported by affidavit or motion, we will address it here.

The State of Missouri, Division of Child Support Enforcement, filed a stipulation with the court indicating that mother received AFDC payments from the State of Iowa from May, 1985 through March, 1987 and that during that time mother assigned her right to receive child support in the amount of $300.00 per month to the State of Iowa. It further recited that father had repaid his entire child support obligation to the State of Iowa. Iowa Code Ann. Section 252C.2(1) provides:

> By accepting public assistance for or on behalf of a dependent child's caretaker, the recipient is deemed to have made an assignment to the department of any and all right, title, and interest in any support obligation and arrearages owed to or for the child or caretaker up to the amount of public assistance paid for on behalf of the child or caretaker.

The trial court found Iowa no longer had any claims against husband, because he satisfied his debt to the state.

 Section 454.520.4 sets out how interest shall be calculated. On the last day of each month following the last delinquent payment, the total arrearage less the amount of that month's payments is multiplied by the applicable rate of interest. In calculating the interest in each of the months from May, 1985 through March, 1987, the trial court used mother's figures which showed a new amount of $300.00 in child support due in each of those months, which increased the arrearage by that amount each month. The arrearage should not have been increased by $300.00 in each of those months because mother had assigned her $300.00 monthly payment to the State of Iowa in order to receive AFDC payments. An award of interest compensates an individual for the use of or loss of money. *Baird v. Baird*, 843 S.W.2d 388, 390 (Mo.App.1992). Mother did not lose the use of monthly support payments from May, 1985 to March, 1987. Mother's calculation was improperly based on an arrearage which included monthly child support amounts for months during which mother had assigned her support payments to the State of Iowa.

---

1. *See* 21 Mo Prac. Section 10.25 for a suggested form of affidavit.

That part of the judgment awarding interest in the amount of $16,649.72 is reversed.

RHODES RUSSELL and JAMES R. DOWD, JJ., concur.

