**Donna Gail KILLIAN,
Petitioner/Appellant,**

v.

**Donald Bruce GRINDSTAFF,
Respondent/Respondent.**

**No. 74061.**

Missouri Court of Appeals,
Eastern District,
Division Four.

March 9, 1999.

M. Dwight Robbins, Fredericktown, for appellant.

William G. Reeves, Farmington, for respondents.

RHODES RUSSELL, Judge.

Mother appeals the judgment denying her motion to modify her decree of dissolution in regards to child support. She argues the trial court erred in denying her motion in that there were substantial and continuing changed circumstances justifying modification. Mother further argues the trial court erred in finding that the presumed child support was "almost identical" to the amount originally ordered. We reverse and remand in that the trial court did not prepare a Form 14 or provide any findings on which it based its decision.

Donna Killian ("mother") and Donald Grindstaff ("father") were divorced in August 1980. Mother received physical and legal custody of the minor child, who was one-year old at the time of divorce. Father was ordered to pay $35 per week in child support.

In October 1993, mother filed a motion to modify the decree of dissolution as to child support. Father filed an amended answer and cross-motion to modify. After a hearing, the trial court denied both motions, finding there were "no substantial and continuing changes of circumstances" which made the terms of the original decree as amended unreasonable. The court further found that the "presumed child support amount [was] almost identical to the current ordered support" and that such an amount was not unjust or inappropriate under the circum-

stances. No Form 14 was filed with the Judgment Entry. Mother and father submitted Form 14s, but only mother's was included in the record on appeal.

■ The trial court's order as to child support will be affirmed unless it is not supported by substantial evidence, is against the weight of the evidence, or erroneously declares or applies the law. *Crotty v. Kline*, 947 S.W.2d 121, 122 (Mo.App.1997). A child support award is modifiable only if the movant shows changed circumstances so substantial and continuing as to make the terms of the original decree unreasonable. *Walker v. Walker*, 936 S.W.2d 244, 247 (Mo.App.1996). A prima facie showing of such changed circumstances is made if there has been a change of twenty percent or more in the child support amount since the prior decree. Section 452.370.1 RSMo 1994. The burden of proof is on the party seeking modification. *Walker*, 936 S.W.2d at 247. A change of circumstances sufficient to support a modification must be proven by detailed evidence. *Id.* at 249.

■ The use of Form 14 in calculating child support in any proceeding involving the determination of whether there had been a change of twenty percent or more since the prior decree and a resulting prima facie change in circumstances warranting modification is mandatory. *Neal v. Neal*, 941 S.W.2d 501, 504 (Mo. banc 1997); *Gibson v. Gibson*, 946 S.W.2d 6, 9 (Mo.App.1997). This requirement is necessary for meaningful appellate review. *See Neal*, 941 S.W.2d at 504.

■ The trial court can do its own Form 14 calculation by either completing a Form 14 worksheet and making it part of the record, or by articulating on the record how it calculated its Form 14 amount. *Woolridge v. Woolridge*, 915 S.W.2d 372, 382 (Mo.App. 1996). The required findings for the record can be done by separate written findings, findings in the judgment entry, or by oral findings on the record. *Id.* The record should clearly show how the trial court arrived at its Form 14 amount. *Id.*

■ In the instant case, each party filed Form 14s. Mother's Form 14s provided for an increase in child support and father's pro-

vided for a decrease in the amount. As the trial court found that the presumed amount was "almost identical" to the current ordered support, we assume the trial court rejected both parties' Form 14s. Therefore, the trial court was required to file its own Form 14, which it failed to do. *See Short v. Short*, 947 S.W.2d 67, 73 (Mo.App.1997). There were no findings on the record as to how the trial court calculated the presumed child support amount, which precludes meaningful appellate review.

We reverse the trial court's judgment denying mother's motion to modify child support. We remand with instructions to follow the procedures in *Woolridge* and *Neal* in calculating child support, to determine whether there was a twenty percent or more change in child support from its prior decree, and then to rule on mother's motion to modify.

MARY K. HOFF, P.J., and GARY M. GAERTNER, J., concur.