**Yvonne M. BOHAC, f/k/a Yvonne M.
Akbani, Petitioner/Appellant,**

v.

**Salim I. AKBANI, Respondent.**

**No. ED 76700.**

Missouri Court of Appeals,
Eastern District,
Division One.

Oct. 24, 2000.

Mary Ann Weems, Brian Dudley Dunlop, Guardian Ad Litem, St. Louis, for appellant.

Salim K. Akbani, Ballwin, pro se.

MARY RHODES RUSSELL, Judge.

Yvonne M. Bohac ("Mother") appeals from the judgment of the trial court on her motion to modify, her motion to enforce, and Salim I. Akbani's ("Father") cross-motion to modify the parties' prior dissolution decree, whereby the court transferred primary physical and legal custody of their children to Father, reduced his child support obligation, and failed to award her interest on Father's past due maintenance, child support and lump sum obligations. We affirm in part and reverse and remand in part.

Mother and Father's marriage was dissolved in May 1997. The parties were awarded joint legal custody of their two minor children, and Mother was awarded primary physical custody. Six months later, the decree was modified whereby the parties were awarded "shared" physical custody.

Pursuant to the modification, the court ordered that the children remain enrolled at Henry School in the Parkway School District for the 1997–1998 term, and that Mother "make every effort to relocate to [that district] by January 31, 1998." To aid in Mother's relocation, Father was ordered to pay Mother $15,000 within one year of the modification. The court noted that this amount would be reduced to $10,000 if Mother failed to relocate to the Parkway School District by February 22, 1998. In addition, included in the judgment, Father was ordered to: (1) pay Mother $1,475 per month in child support; and (2) pay Mother $750 per month in maintenance for a period of two years.

Mother subsequently filed a motion to modify seeking primary physical and legal custody and permission to relocate with the children to another location in Missouri or Illinois. In support of her motion, Mother noted that Father had recently been indicted for bank fraud and contended that granting her motion would be in the children's best interests. Mother also filed a motion to enforce the terms of the dissolution decree as previously modified, contending that Father failed to pay any child support or maintenance.

Father filed a cross-motion to modify, which he amended after pleading guilty to bank fraud and serving a six-month sentence. In his amended motion, Father sought to: (1) reduce his child support obligation due to a decline in income; and (2) gain primary physical and legal custody of the children due to Mother's intentional interference with his custody rights, her numerous changes in residence, and her relative instability.

The trial court, after conducting several hearings on these issues, entered its judgment transferring primary physical and legal custody of the children to Father,[1] reducing Father's child support obligation from $18,200 to $74, and awarding Mother $18,000 in past due maintenance and a $10,000 lump sum for relocation.

In its findings of fact, the trial court determined that: (1) Mother failed to relocate to the Parkway School District by February 22, 1998; (2) Mother intentionally ignored a prior court order of September 4, 1998, to immediately enroll the children in Henry School; (3) Mother caused the children to attend at least two different schools and sought to enroll them in possibly three to four schools; (4) Mother failed to mediate with Father the changes in the children's schools, as required by the modified dissolution decree; (5) Mother was unable to maintain stable living conditions for the children in that she repeatedly changed residences over a two-year period, moving the family to the residence of their housekeeper, to her parents' residence near Chicago, and to the residence of "friends" in the St. Louis area; (6) Mother removed the children from Missouri without permission of Father or the court; (7) Mother denied Father shared custody of the children; (8) Mother's conduct resulted in the children "having trouble in school;" (9) Father suffered a substantial decline in income when his company went out of business in December 1997, due to "the loss of a major customer and legal entanglements;" (10) Father failed to make scheduled payments of maintenance and child support; (11) Father failed to pay

1. In its findings of fact, the trial court states that it is in the best interests of the children to reside with "Petitioner," who in this case was Mother. But we construe this to be a clerical error in light of the opinion as a whole, as the first page of the court's judgment states that it is in the children's best interests that their primary physical and legal custody be transferred to "Respondent," who in this case was Father. Moreover, Mother, as evidenced by this appeal, acknowledges that primary custody has been transferred to Father.

Mother the $10,000 lump sum for relocation; (12) Father is presently self-employed and earning an income of $3,000 per month; (13) Mother is presently employed and earning an income of $1,500 per month; and (14) Father's residence is in the Parkway School District, in close proximity to Henry School, and contains a room for the children to share.

Mother now appeals from the judgment of the trial court. Our review is governed by the standard set forth in *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). The judgment will be affirmed unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Id.* at 32. In making our determination, we view the evidence and the reasonable inferences therefrom in the light most favorable to the judgment. *Id.* The evidence and permissible inferences favorable to the judgment are accepted as true and all contrary evidence and inferences are disregarded. *L.J.B. v. L.W.B.*, 921 S.W.2d 23, 24 (Mo.App.1996). We defer to the trial court's superior ability to judge factors such as credibility, sincerity, character of the witnesses, and other intangibles that are not revealed in the transcript. *Id.*

In her first point, Mother contends that the trial court erred in transferring primary physical and legal custody to Father for several reasons.

We give greater deference to the trial court in custody matters than other matters. *A.J.K. by R.K. v. J.L.*, 980 S.W.2d 81, 84 (Mo.App.1998). Because the trial court is in the best position to weigh all of the evidence, we will affirm the trial court's custody determination under any reasonable theory. *Id.*

First, Mother asserts that the trial court ignored substantial evidence that her inability to provide a permanent home for the children in the Parkway School District

resulted from Father's failure to timely pay her maintenance, child support, and the lump sum for relocation. We disagree.

The trial court heard testimony from both parties as to their respective abilities to perform, and their reasons for not performing, their obligations under the modified dissolution decree. After consideration of this testimony, the court determined that Mother had "intentionally ignored the Court's Order and directive ... to enroll the minor children in Henry School." We defer to the trial court on matters of witness credibility. The trial court's finding is supported by substantial evidence.

Second, Mother incorrectly contends that the transfer of custody was impermissibly based on Father's change in circumstances as the non-custodial parent.

The standard governing the modification of a decree of custody is set forth in section 452.410.1 RSMo 1994,[2] which provides in pertinent part:

> [T]he court shall not modify a prior custody decree unless ... it finds, upon the basis of facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child or his custodian and that the modification is necessary to serve the best interests of the child.

Applying the plain language of this section, the Supreme Court of Missouri has held that any moving party, without exception, who seeks to modify a child custody order must first establish that a substantial change in circumstances of the child or his custodian has occurred. *Searcy v. Seedorff*, 8 S.W.3d 113, 117 (Mo. banc 1999). Once this threshold requirement is satisfied, the court may consider information pertaining to the non-custodial parent's "lifestyle and suitability of her environment for a child" in determining what is in the child's best interests. *Id.*

2. All further statutory references are to RSMo 1994 unless otherwise indicated.

■ The trial court considered ample evidence demonstrating substantial changes in the circumstances of Mother, as the custodial parent, and the children. The denial of custody or visitation rights may be a substantial change in circumstances sufficient to justify a transfer of custody, especially where the evidence shows an unjustified and flagrant pattern of willful denial of custody rights. *Searcy*, 8 S.W.3d at 118. The record indicates that Mother intentionally denied custody to Father on numerous occasions, which resulted in contempt sanctions. In addition, Mother repeatedly changed residences, failed to relocate to the Parkway School District, intentionally ignored the court's order to enroll the children in Henry School, caused the children to attend at least two different schools and sought to enroll them in possibly three to four, failed to mediate with Father the changes in the children's schools, and removed the children from Missouri without permission of Father or the court.[3] As a result of Mother's conduct, the court determined that the children were having trouble in school and were unprepared for class presentations. We find that these changes in circumstances are substantial to satisfy the threshold requirement of section 452.410.1 providing for modification of custody. Therefore, the trial court could properly consider Father's lifestyle and suitability of his environment for the children in determining the children's best interests.

■ Third, Mother alleges that Father failed to sustain his burden of proof to establish that the change in custody was necessary to serve the best interests of the children. We disagree.

■ There is no fixed test for determining the best interests of the child when modifying a child custody decree. *Maher*

*v. Maher*, 951 S.W.2d 669, 673 (Mo.App. 1997). Unlike section 452.375.2 RSMo (Cum.Supp.1999), which sets forth a non-exclusive list of factors to be considered in making an initial custody determination, section 452.410.1 sets forth the more general standard that the modification serve the best interests of the child. *Id.*

In light of Mother's conduct, discussed above, we find that the trial court could properly conclude the transfer of custody to Father was in the children's best interests. Moreover, the transfer of custody to Father is bolstered by the trial court's consideration of Father's lifestyle and suitability of his environment for the children, in that the record indicates Father is gainfully employed, has remarried, has maintained a residence in the Parkway School District in close proximity to Henry School, and has a room in his residence for the children. Point denied.

■ In her second point, Mother asserts that the trial court erred in reducing Father's child support obligation from $18,200 to $74.

Under the terms of the modified dissolution decree, Father was to pay Mother $1,475 per month in child support. At this rate, Father's total support obligation for the first eighteen months was $26,550. After crediting Father $8,250 in payments, the court determined that Father was $18,200 in arrears pursuant to the terms of the modified decree.[4] The trial court, however, reduced Father's child support obligation by recalculating it based upon an imputation of minimum wage to Father from January 1998 through January 1999. The court reasoned that the reduction was proper because Father's income had decreased significantly from the time his business failed in December 1997, due to

---

3. Mother maintains no permission is needed to remove the children from Missouri for periods less than 90 days. Section 452.377. However, the record indicates that Mother had changed the children's residence to Illinois, in violation of section 452.411, which provides that such an action constitutes a

change of circumstances allowing the court to modify a prior custody decree.

4. We find this to be a clerical error. After crediting Father $8,250 in payments, the arrearage should have totaled $18,300.

"the loss of a major customer and legal entanglements," until he was able to establish a new source of income. The court determined that, at minimum wage, Father's child support obligation during this thirteen-month period should have been $73 per month rather than $1,475 per month. At the recalculated rate, the court found that Father's total support obligation for the first eighteen months should have been $8,324. After crediting Father $8,250 in support payments,[5] the court found that Father was only $74 in arrears.

Mother claims the reduction in Father's support obligation is not supported by the evidence. She incorrectly maintains that Father's reduction in income resulted from his incarceration for bank fraud rather than his company's loss of a major client.

The standard for modifying the child support provisions of a dissolution decree is set forth in section 452.370.1 RSMo (Cum.Supp.1999), which provides in pertinent part:

> [T]he provisions of any judgment respecting maintenance or support may be modified only upon a showing of changed circumstances so substantial and continuing as to make the terms unreasonable. In a proceeding for modification of any child support or maintenance judgment, the court, in determining whether or not a substantial change in circumstances has occurred, shall consider all financial resources of both parties ....

The burden of proof is on the party seeking modification. *Killian v. Grindstaff*, 987 S.W.2d 497, 499 (Mo.App. 1999). A mere decrease in earnings is insufficient. *In re Marriage of Stanley*, 793 S.W.2d 487, 488 (Mo.App.1990). Movant has the burden to show that his decrease in earnings was involuntary and continuous. *Forhan v. Forhan*, 693 S.W.2d 164, 166 (Mo.App.1985).

In his amended cross-motion to modify, Father claimed that the foreclosure of his business in December 1997 was a substantial and continuous change in circumstance sufficient to merit reduction in his child support obligation. At a hearing on the motion, Father attributed the foreclosure to an involuntary decrease in his company's cash flow stemming from the loss of a major customer in 1994. Father testified that the customer had accounted for 62 percent of his company's business. Father also stated that his income ceased immediately following foreclosure and, despite his best efforts, he was unable to obtain a new source of income until January 1999. On these facts, we find that there is substantial evidence to support a reduction in Father's child support obligation.

Our resolution of this matter is distinguishable from *Denton v. Sims*, 884 S.W.2d 86 (Mo.App.1994), relied on by Mother. In *Denton*, we held that a noncustodial parent's incarceration did not excuse his child support obligation. *Id.* at 90. The amount of his payments could, however, be reduced during incarceration to reflect his present inability to pay. *Id.* Following release, the accumulated arrearage would then have to be repaid on a schedule consistent with his post-incarceration income. *Id.*

Here, unlike *Denton*, there is substantial evidence that Father's support obligation was reduced because of an involuntary decrease in income rather than his incarceration. The record indicates Father's income declined due to the foreclosure of his business.

Mother next contends the trial court improperly reduced Father's child support obligation retroactive to a date prior to the filing and service of his cross-motion to modify. We agree.

**5.** Mother claims the trial court ignored substantial evidence that this amount should have been apportioned between support and maintenance. Mother, however, fails to show any prejudice as her total recovery for Father's delinquent support and maintenance obligations would have been the same regardless of how the payments were credited.

A trial court has no authority to modify a child support order retroactive to a date before the filing of the motion to modify and the service of summons. *B.S.E. v. Grant*, 971 S.W.2d 883, 885 (Mo. App.1998). Section 452.370.6 RSMo (Cum. Supp.1999) provides that "[t]he order may be modified only as to support or maintenance installments which accrued subsequent to the date of personal service." In this case, the certificate of service on Father's cross-motion to modify indicated that it was mailed on March 6, 1998. Thus, the trial court had no authority to reduce Father's child support obligation prior to March 6, 1998. On remand, the trial court is directed to correct the retroactive date accordingly.

In her third point, Mother alleges that the trial court erred in failing to award her interest on Father's past due maintenance, child support and lump sum obligations.

To collect delinquent interest on child support or maintenance, a parent can proceed under section 454.520.5 by filing the required affidavit or, alternatively, by filing a motion to construe and enforce the judgment. *In re Marriage of Overhulser*, 962 S.W.2d 951, 953 (Mo.App.1998).

Mother properly filed a motion to enforce the modified dissolution decree, thus entitling her to interest. Section 454.520 .3 provides that all delinquent child support and maintenance payments shall draw interest at the rate of one percent per month. "Where a statute provides that interest 'shall' be paid or received, a court has no discretion to refuse to award interest as directed by the statute." *Baird v. Baird*, 843 S.W.2d 388, 390 (Mo. App.1992). Accordingly, we find that the trial court misapplied the law by failing to award Mother interest on all delinquent child support and maintenance payments.

With respect to the $10,000 lump sum award, section 408.040.1 provides that 9 percent per annum interest shall be allowed upon any monetary judgment from the day of rendering until satisfaction. We find that the trial court erred in not awarding Mother interest on the lump sum award at the statutory rate from the date of the judgment.

We remand to the trial court with directions to calculate and award Mother interest on Father's delinquent maintenance, child support, and lump sum obligations, pursuant to sections 454.520 and 408.040.

In summary, the judgment of the trial court is reversed and remanded with directions consistent with this opinion as to the retroactive reduction in Father's child support obligation prior to the service of his cross-motion[6] to modify, and as to the failure to award Mother interest on her child support, maintenance, and lump sum awards. We affirm in all other respects.

ROBERT G. DOWD, Jr., P.J., and RICHARD B. TEITELMAN, J., concur.

---

6. The parties refer to Father's pleading as a "cross-motion" to modify, although it should be denominated a "counter-motion" to modify.