Catherine M. REIS, Appellant,

v.

Joseph L. REIS, Respondent.

No. ED 81898.

Missouri Court of Appeals,
Eastern District,
Division Five.

May 6, 2003.

Thomas G. Berndsen, St. Louis, MO, for appellant.

Mary Ann Weems, St. Louis, MO, for respondent.

LAWRENCE E. MOONEY, Chief Judge.

Mother, Catherine M. Reis, appeals from the trial court's judgment modifying the decree of dissolution of her marriage to Father, Joseph L. Reis, in which the court increased Father's monthly child-support obligations by $368. Mother raises four claims of error on appeal, one of which is dispositive and requires reversal. Mother alleges the court failed to follow the procedures for determining the amount of child support as set forth in *Woolridge v. Woolridge*, 915 S.W.2d 372 (Mo.App. W.D.1996).[1] Because the court

---

1. Mother also alleges the judgment was not supported by the evidence, that the trial court erred in finding that the Form–14 amount was unjust or inappropriate, and lastly, that the trial court erred in failing to make the

failed to determine and find for the record the presumed correct child-support amount, we reverse the judgment of the trial court and remand the cause with instructions to follow the procedures set forth in *Woolridge*.

## FACTS

Mother and Father were divorced in 1995. Both parents were awarded joint legal and physical custody of their two children. Father was ordered to pay $700 per month in child support. Over six and one-half years later, in 2001, Mother filed a motion to modify the decree of dissolution, requesting an increase in child support. Father filed a cross-motion to modify requesting, in part, that the court reduce his child-support obligations. Mother and Father each submitted their own proposed Form–14 child-support calculations. Mother contended that the presumed correct child-support amount was $2,482 per month. Father contended the presumed correct amount should be $626 per month.

After a hearing, the trial court entered its judgment modifying the decree of dissolution. In its judgment, the court checked-off the line on the pre-printed judgment form indicating that Form 14 presumed child-support calculation worksheets had been filed. The court, however, left blank the space provided for the presumed child-support amount, and based on the record before us, the court made no other finding as to the presumed correct child-support amount. The court also checked-off the pre-printed line stating

that the court found that the Form–14 amount, after consideration of all relevant factors, was unjust or inappropriate. Under this line, the court noted that the parties shared joint physical custody of their children. In modifying the decree of dissolution, the court ordered Father to pay $1,068 per month in child support, which was a monthly increase of $368.

## ANALYSIS

▇▇▇ In her first point on appeal, Mother alleges the trial court erred in increasing Father's child-support obligation by only $368 per month because the court failed to follow the procedures for determining the amount of child support as set forth in *Woolridge*. In this court-tried case, we will affirm the trial court's judgment unless there is no substantial evidence to support the court's decision, the decision is against the weight of the evidence, or the court erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976); *Killian v. Grindstaff*, 987 S.W.2d 497, 499 (Mo. App. E.D.1999). We find the trial court in this case erroneously applied the law, requiring reversal of the court's judgment.

As explained in *Woolridge*, Rule 88.01 establishes a two-step procedure for determining child support. *Woolridge*, 915 S.W.2d at 379. First, the trial court is required to determine and find for the record the presumed correct child-support amount calculated pursuant to Civil Procedure Form 14.[2] *Id.*; Rule 88.01. The use

---

increase in child support retroactive to the date of service of her motion to modify.

**2.** The *Woolridge* opinion explains in detail how the trial court is to determine the presumed correct child support amount. *Woolridge*, 915 S.W.2d at 381–2. The court can either accept for the record a Form–14 amount calculated by a party, or if the court "rejects" the Form–14 amounts of the parties

as being incorrect, then the court has a duty to do its own correct Form–14 calculation, and failure of the court to do so is also reversible error. The trial court can do its own Form–14 calculation by either completing a Form–14 worksheet and making it a part of the record, or by articulating on the record how it calculated its Form–14 amount. The required findings for the record can be done

of Form 14 in calculating child support in a modification proceeding is mandatory. *Killian*, 987 S.W.2d at 499; *Woolridge*, 915 S.W.2d at 378. A rebuttable presumption exists that the amount of child support calculated pursuant to Form 14 is the amount of child support to be awarded. *Woolridge*, 915 S.W.2d at 378–9; Rule 88.01. As its second step in determining child support, the trial court must consider whether to rebut the presumed correct child-support amount as being unjust or inappropriate after consideration of all relevant factors. *Woolridge*, 915 S.W.2d at 379; Rule 88.01.

In this case, the trial court did not determine and find for the record the presumed correct child-support amount calculated pursuant to Form 14. Because we are not provided with this information, meaningful appellate review is not possible, either to determine the presumed correct child-support amount, or to determine whether the court properly concluded that the calculated presumed correct child-support amount was unjust or inappropriate, or to determine whether the court's judgment modifying the child-support amount to $1,068 per month was supported by the evidence. *See Neal v. Neal*, 941 S.W.2d 501, 504 (Mo. banc 1997). The trial court erroneously applied the law in failing to determine and find for the record the amount of the presumed correct child support, and therefore, its judgment is reversed. On remand, in ruling on the parties' motions to modify, the trial court is directed to follow the procedures detailed in *Woolridge*, first to determine and find for the record the presumed correct child-support amount and, then, to make a prop-

by separate written findings, findings in the judgment entry, or by oral findings on the record. In any case, the record should clearly show how the trial court arrived at its Form–14 amount. *Killian*, 987 S.W.2d at 499.

er record with respect to why the presumed correct child-support amount should be rebutted, if the trial court so determines.[3]

The judgment is reversed, and the cause remanded to the trial court for further proceedings consistent with this opinion.

LAWRENCE G. CRAHAN and ROBERT G. DOWD, JR., JJ., concur.

3. Further, on remand, the trial court may also consider whether any child-support award may apply retroactively after considering St. Louis County Circuit Court Rule 68.9(1).