Laura M. KLINGSEISEN, n/k/a Laura Al–Amery, Petitioner/Appellant,

v.

Robert E. KLINGSEISEN, Respondent.

No. ED 88384.

Missouri Court of Appeals,
Eastern District,
Division One.

March 13, 2007.

Lawrence B. Wittels, St. Louis, MO, for appellant.

Robert E. Klingseisen, United States Strategic Command, Offutt AFB, NE, for respondent.

CLIFFORD H. AHRENS, Presiding Judge.

Laura M. Klingseisen, n/k/a Laura Al–Amery ("mother") appeals the judgment of the trial court granting her motion to modify as to child support. Mother claims the court erred in its judgment of modification because it failed to determine a presumed amount of child support. Mother also claims the court improperly failed to make a record regarding why the presumed child support amount arrived at by the Form 14 calculations was unjust or inappropriate. Finally, mother argues that the court erred in failing to order the increased child support retroactive to the date of service. We reverse and remand.

The marriage of mother and Robert E. Klingseisen ("father") was dissolved in 1997. In the dissolution, physical custody of the three minor children was awarded to mother; however, no child support was awarded. The parties shared joint legal custody of the minor children. In 2004, mother filed a motion to modify as to child support, alleging a change in circumstances which warranted an increase in child support. Father filed an answer and cross motion to modify, seeking modification of custody[1]. The matter was heard, and the trial court entered a modification judgment, finding a change of circumstances to warrant an increase in child support. The court modified the original decree of dissolution, ordering father to pay $700.00 per month in child support for the three minor children. On the form judgment, the court marked the pre-printed finding that the Form 14 was unjust or inappropriate. Mother filed a motion to correct, amend, or modify the judgment, alleging that the court failed to determine a presumed child support amount and that the court failed to order the child support retroactive to the date of service. Mother's motion was denied, and the present appeal followed.

■ Our review of the trial court's judgment on a motion to modify is governed by *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo.

---

1. Father's motion to modify as to custody was heard, and a parenting plan was attached to the judgment of modification. However, the custody determination is not at issue in the present appeal.

banc 1976). *Windsor v. Windsor*, 166 S.W.3d 623, 628 (Mo.App.2005). We will affirm the judgment of the court unless is it not supported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. *Id.*

In her first point on appeal, mother claims the court erred by failing to determine a presumed amount of child support. Although both mother and father each filed a Form 14[2], the trial court did not note that the Form 14s were filed in its modification judgment. Additionally, the trial court did not include a presumed child support amount on the judgment. The court did mark the box on the form judgment to indicate the pre-printed finding that "after consideration of all relevant factors," the Form 14 amount was unjust or inappropriate.

Pursuant to Missouri Supreme Court Rule 88.01, there is a two-step process for determining child support. *Reis v. Reis*, 105 S.W.3d 514, 515 (Mo.App. 2003); (citing *Woolridge v. Woolridge*, 915 S.W.2d 372, 379 (Mo.App.1996)). The court in *Reis* relied upon the analysis from *Woolridge* to note that the two-step procedure required the trial court to first determine and find for the record a presumed correct amount of child support, calculated pursuant to a Form 14. *Id.* The second step required the court to consider whether to rebut the presumed correct child support amount as being unjust or inappropriate after consideration of all the relevant factors. *Id.* at 516; (citing *Woolridge*, 915 S.W.2d at 379; and Rule 88.01).

The court in *Reis* was faced with similar facts as we are here. In *Reis*, the court entered a judgment of modification, increasing the child support obligation of the father. The court used the pre-printed form judgment and left the space for a presumed child support amount blank. The court also checked the pre-printed line stating that the court found that after consideration of "all relevant factors," the court found the Form 14 amount to be unjust or inappropriate. The court of appeals concluded that the trial court's failure to determine a presumed correct child support amount precluded "meaningful appellate review." *Reis*, 105 S.W.3d at 516. The *Reis* court found that without the information concerning the trial court's presumed child support amount, it could not determine whether the calculated amount was unjust or inappropriate. *Id.* As such, the court concluded that the trial court erroneously applied the law in failing to determine an amount of presumed correct child support and reversed the judgment of modification. *Id.* at 516.

Again, here we are faced with a similar case as the court was in *Reis*. Although Form 14s were submitted by both mother and father which included presumed child support amounts, the trial court failed to specifically reject those calculations and specify its own calculation. The court simply awarded an amount of child support, but did not provide any findings as to how it arrived at the amount. The court did not enter any amount of presumed child support, and therefore, based upon the rationale in *Reis* and *Woolridge*, the court's judgment must be reversed. On remand, in its ruling on the motions to modify of the parties, the trial court must follow the procedures set forth in *Reis* and *Woolridge* and determine the presumed correct amount of child support.

**2.** Mother notes that father's Form 14 was filed after the matter was heard; however, mother assumes for purposes of her brief that father's post-trial submission of the Form 14 was proper. Mother does not challenge this on appeal, and therefore, we need not consider whether father's Form 14 was properly submitted.

Mother's second point on appeal concerns the failure of the trial court to make a proper record as to why the presumed amount of child support was unjust and inappropriate. Because our review of the issue concerning whether the court made a determination as to a presumed amount of child support is dispositive, we need not reach this second step of the procedure to determine child support. However, we note that in the present case, the court did mark on the form judgment the finding that the presumed amount of child support was unjust or inappropriate. Rule 88.01(b) provides that:

"Unless a request is filed pursuant to Rule 73.01(c)[3], a written finding or a specific finding on the record by the court or administrative agency that the child support amount under a correctly calculated Form No. 14, after consideration of all relevant factors, is unjust or inappropriate shall be sufficient in a particular case to rebut the presumption that the amount of child support so calculated is correct."

Here, neither party made a specific request for findings of fact pursuant to Rule 73.01(c). Thus, had a presumed correct amount of child support been calculated appropriately, the court's finding in the present case would have been sufficient pursuant to Rule 88.01. On remand, the trial court must follow the procedures set forth in *Reis* and *Woolridge*. After determining the presumed correct child support amount, if the court determines the presumption that the amount is correct has been rebutted, the court may then make a proper record, depending upon whether the parties request specific findings, concerning why the presumed amount was unjust or inappropriate.

Mother also asserts a third and final point on appeal regarding the failure of the court to award her retroactive child support based upon the presumption of retroactivity set forth in St. Louis County Circuit Court Rule 68.9(1). On remand, the court may consider whether any child support award may apply retroactively after considering St. Louis County Circuit Court Rule 68.9(1).

The judgment of the trial court is reversed[4]. We remand with instructions to the court to follow the procedures outlined in *Reis* and *Wooldridge* with respect to making a determination of presumed correct child support on the record and making a proper record as to why the presumed correct amount is unjust or inappropriate, if the court so determines. The court may also consider whether, in light of St. Louis County Circuit Court Rule 68.9(1), any award may apply retroactively.

GLENN A. NORTON, J., concurs.

NANNETTE A. BAKER, J., concurs.

---

3. Rule 73.01(c) states, in relevant part, "[i]f a party so requests, the court shall dictate to the court reporter or prepare and file a brief opinion containing a statement of the grounds for its decision...."

4. We note that father has attempted to raise a claim in his respondent's brief concerning a notice of income withholding. However, father failed to file a notice of appeal. "A respondent who has not filed a notice of appeal in order to cross-appeal cannot allege errors on appeal unless he or she is seeking to support the trial court's ruling by pointing to other rulings that appear to be erroneous." *McGrath v. Bowen*, 192 S.W.3d 515, 518, n. 2 (Mo.App.2006).