Charlene MILLER, Respondent,

v.

Danny MILLER, Appellant.

No. ED 88730.

Missouri Court of Appeals, Eastern District, Division Two.

Dec. 4, 2007.

Daniel Edward Diemer, St. Louis, MO, for appellant.

Charlene Miller, Fenton, MO, pro se.

NANNETTE A. BAKER, Judge.

### Introduction

Danny Miller ("Father") appeals an order and judgment from the Circuit Court of St. Louis County granting Charlene Miller's ("Mother") cross motion to modify child-support. The judgment increased Father's child support obligation from $587 to $687. We reverse and remand.

### Factual and Procedural Background

Mother and Father were divorced in 1999. In the decree of dissolution, Father was ordered to pay $587 per month in child support. On February 6, 2006, Father filed a motion to modify the decree of dissolution, requesting a decrease in child-support. Mother filed a cross-motion to modify requesting that the court increase Father's child-support obligations.[1] After a hearing, the court requested all the parties involved to submit a proposed Form 14. Father and the State of Missouri each submitted their own proposed Form–14 child-support calculations.[2] Father asserted that the presumed correct child-support amount was $46 per month. The State contended that the presumed correct amount should be $423 per month. Mother submitted a proposed order and judgment, without a Form 14, to increase monthly child-support to $700.

The trial court entered its judgment modifying the decree of dissolution. The court, however, left blank the space provided for the presumed child-support amount, and based on the record before us, the court made no other finding as to the presumed correct child-support amount. The court also checked-off the pre-printed line stating that the court found that the Form–14 amount, after consideration of all relevant factors, was unjust or inappropriate. In modifying the decree of dissolution, the court ordered Father to pay $687 per month in child support, which was a monthly increase of $100. Father filed a Motion to Amend Judgment or in the Alternative for a New Trial arguing, *inter alia*, that the trial court's judgment was unsupported by any Form 14 and requesting the trial court to make findings of fact and conclusions of law. The trial court held a hearing on Father's motion but failed to issue a ruling. Father's motion is deemed overruled. See *Leventhal v. Trustmark Ins. Co.*, 39 S.W.3d 46, 49 (Mo.App. E.D.2001) (holding that the trial court has ninety days from the filing of the motion for new trial during which to rule upon all after-trial motions before they are deemed overruled). Father appealed.

### Standard of Review

Our review of a trial court's judgment is governed by *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). We affirm the judgment of the trial court unless there is no substantial evidence to support it, it is against the weight of the evidence, or the trial court erroneously declared or applied the law. *In re E.T.C.*, 141 S.W.3d 39, 45 (Mo.App. E.D.2004).

### Discussion

In his sole point on appeal, Father claims the trial court erred in increasing

---

1. The Department of Social Services, Family Services Division appeared on behalf of the State of Missouri and requested a modification of child-support. However, it is unclear from the record whether the State was seeking an increase or a decrease of child-support.

2. In its judgment, the court did not check off the line on the pre-printed judgment form indicating that Form 14 presumed child-support calculation worksheets had been filed. However, the record clearly shows that both Father and the State of Missouri filed proposed Form 14s.

Father's child-support obligation because the court failed to include a Form 14 showing how the trial court calculated the new child-support obligation and also that the trial court erred by not rendering findings of fact and conclusions of law.

This case presents no novel issues. In *Reis v. Reis,* 105 S.W.3d 514, 516 (Mo.App. E.D.2003), we were faced with an almost identical set of facts and a similar issue on appeal. We were guided there, as we will be here, by the Western District's explanation of Rule 88.01 in *Woolridge v. Woolridge,* 915 S.W.2d 372 (Mo.App. W.D.1996). We said that:

> As explained in *Woolridge,* Rule 88.01 establishes a two-step procedure for determining child support. First, the trial court is required to determine and find for the record the presumed correct child-support amount calculated pursuant to Civil Procedure Form 14. The use of Form 14 in calculating child support in a modification proceeding is mandatory. A rebuttable presumption exists that the amount of child support calculated pursuant to Form 14 is the amount of child support to be awarded. As its second step in determining child support, the trial court must consider whether to rebut the presumed correct child-support amount as being unjust or inappropriate after consideration of all relevant factors.

*Reis v. Reis,* 105 S.W.3d 514, 515–516 (Mo. App. E.D.2003) (internal citations omitted). We then decided that because the trial court failed to find, and determine for the record the presumed correct child-support amount, appellate review was impossible "either to determine the presumed correct child-support amount, or to determine whether the court properly concluded that the calculated presumed correct child-support amount was unjust or inappropriate, or to determine whether the court's judg-ment modifying the child-support amount to $1,068 per month was supported by the evidence." Id. Finding that the trial court erroneously applied the law, we reversed and remanded to the trial court to "first to determine and find for the record the presumed correct child-support amount and, then, to make a proper record with respect to why the presumed correct child-support amount should be rebutted, if the trial court so determines."

In a similar fashion, the court in the present case failed to determine and find for the record the presumed correct child-support amount and to indicate for the record why the presumed correct child-support amount was "unjust or inappropriate" as the court actually found. We are once again left with no information from which to determine the basis for the court's judgment or whether the judgment is supported by the evidence. We find that the trial court erroneously applied the law in failing to determine and find for the record the amount of the presumed correct child-support and we reverse its judgment. On remand, in ruling on the parties' motions to modify, the trial court is directed to follow the procedures detailed in *Woolridge,* first to determine and find for the record the presumed correct child-support amount and, then, to make a proper record with respect to why the presumed correct child-support amount should be rebutted, if the trial court so determines.

### Conclusion

The judgment is reversed, and the cause remanded to the trial court for further proceedings consistent with this opinion.

LAWRENCE E. MOONEY, P.J., and BOOKER T. SHAW, J., concur.