Chris Charles FITZWATER, Appellant,

v.

Kathy Lynette FITZWATER,
Respondent.

No. WD 63149.

Missouri Court of Appeals,
Western District.

Dec. 21, 2004.

**136**

James Rahm, Carrollton, for Appellant.

Steven Petry, Kansas City, for Respondent.

RONALD R. HOLLIGER, Judge.

Chris Fitzwater ("Husband") appeals a judgment dissolving his marriage to Kathy Fitzwater ("Wife") complaining that the trial court erred in its property division by dividing a marital asset (proceeds from the sale of the parties' farm) that did not exist at the time of dissolution hearing and that had not been squandered by Husband. Reversed and remanded.

The decree of dissolution awarded wife a judgment against husband in the sum of $28,429.77. The majority of this amount, $18,696.27, was found by the trial court to be respondent's share of proceeds from the sale of a marital farm in Ray County. Husband contends that the majority of the sale proceeds from the farm were spent on reasonable living expenses, not part of the marital estate at the time of trial, and thus not subject to division.

The Fitzwaters were married on March 23, 1979, and eventually separated in July 2000. Husband filed for dissolution of marriage in November of 2002 and the judgment was issued on June 27, 2003.

The issue on appeal turns on the disposal of a Ray County farm purchased by the couple during the marriage. Prior to separation, the Ray County farm was sold and approximately $37,000 remained in proceeds after the mortgage was paid off. Husband used most of these proceeds to pay off various creditors. The record is clear as to the origins of some of the debts paid off with the sale proceeds: some were marital debts and others the husband incurred after separation. The record is unclear, however, as to many of the other debts paid off by the sale proceeds of the Ray County farm. Many of them could have been incurred prior to separation or after.

Wife argues that she was entitled to half of the proceeds from the sale of the Ray County farm. She alleges on appeal that Husband squandered the sale proceeds prior to the dissolution of the marriage.

Husband responds that the sale proceeds of the Ray County farm were not eligible for division as marital property because they were not in existence at the time of trial. He argues that the proceeds were spent on legitimate marital debts and that wife has not met her burden of producing evidence that he squandered the sale proceeds prior to dissolution.

## STANDARD OF REVIEW

■ The trial court has broad discretion in the division of marital property and its distribution will only be disturbed on appeal if the distribution of marital property is so heavily and unduly weighted in favor of one party as to amount to an abuse of discretion. *Conrad v. Conrad,* 76 S.W.3d 305, 314 (Mo.App.2002). A reviewing court must defer to the trial court's mari-

tal property division unless it is improper under the standard of *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976), or is an abuse of discretion. *Ray v. Ray*, 877 S.W.2d 648, 651 (Mo.App.1994).

## DISCUSSION

■■■ Generally, the trial court cannot value and include in its division of marital property an asset that does not exist at the time of trial. This is because the appropriate date for valuing and determining marital assets is the date of trial. *Conrad*, 76 S.W.3d at 314. An exception to this general principle exists where a spouse is found to have secreted or squandered marital assets in anticipation of the marriage being dissolved. *Id.* In such a case the court may charge the offending spouse with the value of the secreted or squandered asset. *Id.*

■■■ An understanding of where the burden of proof and burden of production of evidence lies is essential to understanding the application of these principles at trial. The burden of injecting the issue of whether marital property has been secreted or squandered is on the spouse claiming such wrongful conduct. *Id.* at 315. Once raised, the burden of producing evidence shifts to the alleged wrongdoer spouse who must "account" for the asset by presenting evidence as to its whereabouts or disposition. *Id.* Matters of credibility and weight of the evidence are for the trial court. *Love v. Love*, 72 S.W.3d 167, 171 (Mo.App. 2002). The burden of proof or persuasion, however, remains on the spouse who claims that the property has been secreted or squandered. *Conrad*, 76 S.W.3d at 315.

■■■ Applying these principles regarding the burden of production is difficult on

this record because there is no stated claim or argument on the record below that Husband squandered or secreted the farm sale proceeds.[1] There was, likewise, no evidence or contention that the proceeds still existed in some form at the time of trial. Nor is there any such finding by the trial court, which in its judgment merely states that the proceeds should "be shared equally." We do not imply that the trial court was required to make an explicit finding absence a request because we can assume that the trial court made factual findings consistent with its judgment. *McCarthy v. Dir. of Revenue*, 120 S.W.3d 760, 761 (Mo.App.2003). But, there must be evidence to support such a finding. But the cross-examination by Wife and her testimony clearly indicated her disagreement with Husband incurring debts and spending these proceeds for living or farm expenses during the separation. We, therefore, consider whether the evidence would support a finding that Husband squandered the sale proceeds.

■■■ Whether in anticipation of such a claim or mere prudence, Husband, who was the petitioner below, presented evidence first about the farm sale, the net proceeds, and the debts that had been paid with those proceeds. Marital debt is debt incurred subsequent to commencement of the marriage and prior to legal separation unless an exception applies. *Rawlings v. Rawlings*, 36 S.W.3d 795, 798 (Mo.App. 2001). Generally, marital debt is treated the same as living expenses for purposes of expenditures leading up to dissolution. *See, Kester v. Kester*, 108 S.W.3d 213, 223 (Mo.App.2003) (money spent on marital debt and living expenses could not be considered in the property division); *Adams v. Adams*, 108 S.W.3d 821, 831 (Mo.App.

---

1. As far as we can tell, the first time squandering or the farm proceeds was mentioned was on appeal.

2003) (wife met her burden when she introduced evidence of using proceeds to pay marital debts and living expenses).

On appeal, Wife incorrectly argues that it was Husband's burden of proof to convince the trial court that he had not squandered the proceeds and used the proceeds for legitimate purposes. As a result, her brief provides no assistance to support the trial court's judgment. She argues merely that the trial court could have disbelieved Husband's accounting and that, therefore, Husband has failed to satisfy his burden of proof. The record reflects that husband presented evidence to "account" for the use of the proceeds. Wife at all times had the burden of proof (persuasion) to show that Husband had squandered the sale proceeds. *Conrad,* 76 S.W.3d at 315. She presented no substantial evidence to satisfy that burden. For example, she complains that he paid personal property taxes out of the proceeds on assets he was awarded but that she paid her own personal property tax out of her income. That argument ignores the fact that income earned, to the extent that it still exists in some form, is also marital property. *Comninellis v. Comninellis,* 99 S.W.3d 502, 510 (Mo.App.2003). Wife's argument also ignores that tangible property Husband acquired after the separation but before trial was marital property and properly treated by the trial court as such.

Wife's most specific complaint is that Husband used some of the proceeds to pay for feed, supplies, and equipment in his farming operation, which he continued on other premises after the marital farm was sold to her parents. She admitted, however, that the cows and equipment for that farming operation were marital property and the trial court treated them as such. There is no authority that the post separation expenditure of marital funds for the maintenance of marital property is the squandering of marital property. She made no claim below that the farming operation had any other assets or value separate from the tangible property divided by the court. Ultimately, Wife's real complaint is not that the sale proceeds were expended but with the manner of their use. Her evidence does not support the conclusion, however, that the funds were improperly expended. The evidence only showed that Husband spent the money for marital debts or to maintain or acquire other marital property that was subject to division by the trial court.

In summary, Wife failed to provide substantial evidence to support a finding that the proceeds of the farm sale had been secreted or squandered. And on the evidence presented, the court would have erred in applying the law to hold that such expenditures amounted to squandering. Thus, the trial court erred in treating the proceeds as an existing asset that could be charged against Husband in the division of marital property. The judgment is, therefore, reversed and remanded to the trial court for reconsideration of its property division in light of this opinion.

THOMAS H. NEWTON, Presiding Judge, and HAROLD L. LOWENSTEIN, Judge, concur.