Crystal WILSON–TRICE, Respondent,

v.

Vernon TRICE, Jr., Appellant.

No. WD 65418.

Missouri Court of Appeals,
Western District.

May 16, 2006.

John Lawrence Williams, Kansas City, for Appellant.

Paul Shirley Pierce, Kansas City, for Respondent.

RONALD R. HOLLIGER, Judge.

Vernon Trice ("Father") appeals the custody and child support provisions of the judgment dissolving his marriage with Crystal Wilson–Trice ("Mother"). The judgment of the circuit court awarded joint legal and physical custody of the two children, with Mother's address as the children's mailing address. The court ordered Father to pay $480.68 per month for child support, retroactive to the date Mother filed her dissolution petition. Father alleges three points of error: (1) the custody judgment failed to make required findings of fact; (2) insufficient evidence supports the monthly child support amount because it conflicts with Mother's Form 14; and (3) insufficient evidence supports the retroactive child support amount, because it conflicts with Mother's Form 14 as to the periodic amount. We affirm the custody determination but modify the judgment as to the child support amount. We order Father to pay child support per Mother's Form 14 in the sum of $439.31 per month, retroactive to the date of Mother's petition for dissolution.

## Facts

Mother and Father were married in March 2002 and had two children of the marriage. Mother filed her petition for dissolution on March 29, 2004. At the

dissolution hearing, Mother entered into evidence a Form 14 which showed Father's income as $1,417 per month based on his tax return for the prior year. Father offered no Form 14, but testified that his income was about $850 per month, varying according to the availability of his work. Mother's Form 14 calculated child support at $439.31 per month.

The trial court ordered child-support of $480.68 per month. For the twelve months that had elapsed between Mother's petition filing and the date of judgment, the court calculated retroactive support of $5768.16 (which is 12 × $480.68), payable $50 per month. The trial court's judgment indicates no reason for deviating from Mother's Form 14. To the contrary, the trial court found, without explanation, "[t]he presumed correct child support amount *as calculated by [Mother]* ... is $480.68[.]" Father appeals.

## I

■ Father argues in his first point that the trial court failed to make the statutorily required findings under 452.375.2 and 452.375.6[1] to support its custody award. We have held that the failure to make these findings constitutes error and have reversed many cases for entry of additional findings. *See, e.g., Speer v. Colon,* 155 S.W.3d 60, 61–62 (Mo. banc 2005). The judgment herein was, however, entered in April 2005, after the recent amendment of Rule 78.07 became effective in January 2005. Prior to this change no post-trial motion was required to preserve an issue for appeal in a court-tried case. Rule 78.07(c) now reads, "In all cases, allegations of error relating to the form or language of the judgment, including the failure to make statutorily required findings, must be raised in a motion to amend the judgment in order to be preserved for

appellate review." Mother contends that because no such motion to amend the judgment was filed, father has failed to preserve for appeal the issue that the court failed to make the required findings. We agree.

The amendment was intended to reduce and discourage appeals and subsequent technical reversals for errors in the form of judgments that could easily be corrected by bringing them to the attention of the trial judge. Observation has shown that there have been very few second appeals after the findings are made on remand despite what experience tells us are probably few changes on the merits in the new order. We suspect that this is so because often there was substantial evidence in the record to support findings in favor of the non-appealing party but, under our case law, we could not look to that evidence in the absence of findings.

The situation before the amendment allowed a substantial waste of judicial time and even more importantly a waste of emotional and financial resources of the parties in appeals securing reversals but with no substantive changes in the court's eventual judgment. Moreover, the then state of appellate review of these types of claims conflicted with the provisions of Rule 84.13(b), which states, "No appellate court shall reverse any judgment unless it finds that error was committed by the trial court against the appellant *materially affecting the merits of the action.*" (Emphasis added.)

Plain error review is, of course, potentially available in cases of unpreserved trial error. Rule 84.13(c). Father does not request plain error review nor even suggest anything in the record indicating a manifest injustice or miscarriage of justice. In fact, in his argument on this point Fa-

---

1. The parties did not agree to a custodial arrangement.

ther does not direct us to any evidence or lack of evidence as to any of the elements of the 452.375.2 findings requirements. He only exhorts the lodestar principle of "best interests of the child" but points to nothing in the facts showing that those interests were ignored. "All fact issues upon which no specific findings are made shall be considered as having been found in accordance with the result reached." Rule 73.01(c); *Fitzwater v. Fitzwater*, 151 S.W.3d 135, 137 (Mo.App. W.D.2004). Point dismissed for failure to preserve review.

## II & III

■ Father's second and third points allege the trial court erred in the amount of the prospective and retroactive child support. The trial court awarded $480.68 per month, but Mother's Form 14 calculated support of $439.31 per month. Father argues both (a) the trial court failed to issue findings that Mother's Form 14 was unjust and inappropriate and therefore required modification; and (b) the $480.68 per month award is not supported by sufficient evidence. As in point one, *supra,* Father failed to preserve for review the argument that the trial court failed to include requisite findings to support the judgment. This situation well demonstrates again the efficacy and cost effectiveness of a post-trial motion after the amendment of Rule 78.07.

■ Mother argues, citing *Engeman v. Engeman,* 123 S.W.3d 227, 239 (Mo.App. W.D.2003), that Father cannot challenge the child support award, because he did not offer any Form 14. This case differs from *Engeman,* however, in that *Engeman* involved the appellant's challenge to the respondent's Form 14. *Id.* Here, Father argues in *favor* of Mother's Form 14. Mother does not argue that the $480.68 per month award is supported by sufficient evidence, but rather states "there is no dispute as to the facts that the Form 14 presumed child support amount is $439.31." We find no evidence supporting the trial court's award of $480.68 per month. Under Rule 84.14, we shall "give such judgment as the court ought to give" and "[u]nless justice otherwise requires, dispose finally of the case." We may "render the judgment that should have been rendered by the trial court." *Manula v. Terrill,* 136 S.W.3d 528, 530 (Mo.App. E.D. 2004).

We therefore modify the judgment and order child support in the amount of $439.31 per month, retroactive to the date of Mother's petition for dissolution. The total twelve month retroactive amount due up to the date of the trial court's judgment is $5271.72. In all other respects the judgment is affirmed.

PATRICIA A. BRECKENRIDGE, Presiding Judge, and VICTOR C. HOWARD, Judge, concur.