**David Alan CROW, Appellant,**

v.

**Judy Lynette CROW, Respondent.**

**No. ED 92412.**

Missouri Court of Appeals, Eastern District, Northern Division.

Dec. 8, 2009.

Stephen Ray Porter, Hannibal, MO, for Appellant.

Judy Lynette Crow, Paris, MO, Respondent Acting pro se.

## OPINION

GLENN A. NORTON, Presiding Judge.

David Alan Crow ("Father") appeals the judgment refusing to modify the amount of his child support obligation to Judy Lynette Crow ("Mother"). We dismiss the appeal.

## I. BACKGROUND

Father and Mother were divorced in May 2006. The trial court's May 2006 dissolution judgment ordered Father to pay Mother $1,010 in monthly child support for the parties' four unemancipated children (K.C., H.C., D.C., and J.C.).

In October 2007, Father filed a motion to modify his child support obligation on the grounds there had been a substantial and continuing change in circumstances since the May 2006 dissolution judgment. Specifically, Father asserted that K.C. became legally emancipated effective October 1, 2007, because he was 20 years old, he had graduated from high school, and he did not enroll in a post-secondary institution of higher education on or before October 1, 2007. Father requested that the trial court's modified child support order: (1) find that K.C. became emancipated effective October 1, 2007; (2) reflect that Father is no longer obligated to pay money to Mother for the support of K.C.; and (3) order Father to receive a credit or be reimbursed for overpayment of child support for K.C. after October 1, 2007.

In July 2008, the trial court held a bench trial on Father's motion to modify. Both Father and Mother submitted Form 14 worksheets to the trial court. The parties stipulated at trial that K.C. became legally emancipated effective October 1, 2007, and that any child support modification based upon K.C.'s emancipation should be retroactive to October 1, 2007.

In December 2008, the trial court entered a modification judgment. The court found that K.C. was legally emancipated effective October 1, 2007. The court also found that the amount of child support Father was ordered to pay in the May 2006 dissolution judgment ($1,010 per month) shall remain the same. The trial court did not provide any findings as to how it arrived at this amount. Father did not file a post-trial motion after the trial court entered its modification judgment. Father now appeals.

## II. DISCUSSION

In his only point on appeal, Father argues the trial court's judgment refusing to modify the amount of his child support obligation was not supported by the evidence and was against the weight of the evidence.

Before considering Father's point on the merits, we must first determine, *sua sponte*, whether Father's allegations of error are preserved for appellate review. *Pope v. Pope*, 179 S.W.3d 442, 450 (Mo. App. W.D.2005). In this case, our determination requires us to evaluate section 452.340.8 RSMo 2000,[1] Rule 88.01,[2] Civil Procedure Form No. 14, and Rule 78.07.

## A. The Trial Court Failed to Make Findings Required by Rule 88.01

Section 452.340.8 provides in pertinent part that: "The Missouri [S]upreme [C]ourt shall have in effect a rule establishing guidelines by which any award of child support shall be made in any judicial or administrative proceeding." In compliance with the legislature's mandate, the Missouri Supreme Court has adopted Rule 88.01. *See Woolridge v. Woolridge*, 915 S.W.2d 372, 378 (Mo.App. W.D.1996) (stating the Supreme Court's adoption of Rule 88.01 complies with a former version of section 452.340). In addition, the Missouri Supreme Court has adopted Civil Procedure Form No. 14, which mandates the items to be considered in the calculation of child support and provides a formula for determining the presumed correct child support amount as envisioned by section 452.340 and Rule 88.01. *Id.* at 378–79; Civil Procedure Form No. 14.

■ Rule 88.01 sets forth a two-step procedure for calculating child support. *Wheeler v. Wheeler*, 110 S.W.3d 828, 830–31 (Mo.App. E.D.2003). In order to comply with Rule 88.01, a trial court is required to: (1) determine and find for the record the presumed correct child support amount by using Form 14; and (2) make findings on the record to rebut the pre-

sumed correct child support amount if the court, after consideration of all relevant factors, determines that amount is unjust and inappropriate. *Id.*; *Reis v. Reis*, 105 S.W.3d 514, 515–16 (Mo.App. E.D.2003). Under the first step, a trial court can either accept a Form 14 amount calculated by a party, or if the court rejects the parties' Form 14 amounts as incorrect, the court must prepare its own correct Form 14 calculation. *Reis*, 105 S.W.3d at 515 n. 2. Either way a trial court chooses to proceed, "[t]he use of Form 14 in calculating child support in a modification proceeding is mandatory," and "the record should clearly show how the trial court arrived at its Form–14 amount." *Id.* at 515–16, 515 n. 2. Furthermore, a trial court is required to use Form 14 to calculate child support even when, as in the instant case, the court ultimately refuses to modify a party's child support obligation. *See Nelson v. Nelson*, 14 S.W.3d 645, 648, 652–53 (Mo.App. E.D.2000).

■ In this case, the record does not disclose that the trial court used or referenced Form 14 in calculating Father's child support obligation. In addition, the trial court did not attach any Form 14 worksheet to the judgment. The court did not provide any findings as to how it arrived at the amount of Father's child support obligation. Instead, the court merely concludes in its modification judgment that the amount of child support Father was ordered to pay in the May 2006 dissolution judgment ($1,010 per month) shall remain the same. Accordingly, the trial court failed to determine and find for the record the presumed correct child support amount pursuant to Form 14 and thus failed to make findings required by Rule 88.01.

---

1. All statutory references are to RSMo 2000 unless otherwise indicated.

2. All references to Rules are to Missouri Supreme Court Rules (2009) unless otherwise indicated.

## B. The Impact of Rule 78.07(c) on Appellate Review of a Trial Court's Failure to Make Findings Required by Rule 88.01

■ When a trial court fails to determine and find for the record the presumed correct child support amount calculated pursuant to Form 14, "meaningful appellate review is not possible, either to determine the presumed correct child-support amount, or to determine whether the court . . . concluded that [any] calculated presumed correct child-support amount was unjust or appropriate, or to determine whether the court's judgment . . . was supported by the evidence." *Reis*, 105 S.W.3d at 516. Until the instant decision, all reviewing courts of this State have reversed and remanded such cases with directions for the court to follow the two-step procedure outlined above and to enter additional findings. *See, e.g., Neal v. Neal*, 941 S.W.2d 501, 504 (Mo. banc 1997); *Reis*, 105 S.W.3d at 514–16; *In re Marriage of Alred*, 291 S.W.3d 328, 336 (Mo.App. S.D. 2009); *Luckeroth v. Weng*, 53 S.W.3d 603, 606–07 (Mo.App. W.D.2001).

In this case, we consider a matter of first impression: the impact of the recent amendment of Rule 78.07 to a case where a trial court has failed to determine and find for the record the amount of presumed child support pursuant to Form 14

and has correspondingly failed to make findings required by Rule 88.01.

Rule 78.07 was amended in June 2004, and the amendment became effective in January 2005. As a result, Rule 78.07(c) now states: "*In all cases,* allegations of error relating to the form or language of the judgment, *including the failure to make statutorily required findings,* must be raised in a motion to amend the judgment in order to be preserved for appellate review" (emphasis added to show amendment).[3] "Prior to this change no post-trial motion was required to preserve an issue for appeal in a court-tried case." *Wilson–Trice v. Trice*, 191 S.W.3d 70, 72 (Mo.App. W.D.2006).

■ Pursuant to Rule 78.07(c), allegations of error relating to a failure to make required findings in a court-tried case are not preserved for appeal and are thereby waived unless raised in a post-trial motion to amend the judgment.[4] *Stuart v. Ford*, 292 S.W.3d 508, 517 (Mo.App. S.D.2009). The rule has been applied to allegations of error relating to a trial court's failure to make various types of findings. *See id.* at 516–17 (failure to make findings regarding party's ability to pay a contempt judgment); *G.J.R.B. ex rel. R.J.K. v. J.K.B.*, 269 S.W.3d 546, 555 n. 3 (Mo.App. S.D. 2008) (failure to make findings regarding denial of request for reimbursement of necessaries); *See, e.g., In re Marriage of*

---

3. The non-emphasized language was found in subsection (a)(2) of the former version of Rule 78.07, a subsection which only applied to jury-tried cases.

4. We note that courts consider the contents of a post-trial motion rather than its title in determining whether an alleged error is sufficiently preserved for review under Rule 78.07(c). *In re Marriage of Alred*, 291 S.W.3d at 331. Thus, it is not necessary for a post-trial motion to be titled a "motion to amend" in order to sufficiently preserve an alleged error under the rule. *See id.* (contents of

motion for new trial sufficiently preserved error for review under Rule 78.07(c)); *Gipson v. Fox*, 248 S.W.3d 641, 644 (Mo.App. E.D. 2008) (contents of "Motion to Clarify, Motion to Reconsider, Motion for Nunc Pro Tunc Order, and/or Motion for New Trial" sufficiently preserved error for review under Rule 78.07(c)). Nevertheless, this opinion refers only to a motion to amend the judgment when discussing post-trial motions with respect to Rule 78.07(c) for purposes of simplicity and because Father did not file any post-trial motion in this case.

*Wood,* 262 S.W.3d 267, 276 (Mo.App. S.D. 2008) (failure to make statutorily required findings concerning best interests of the children in custody determination).

■■ We hold that Rule 78.07(c) also encompasses allegations of error relating to a trial court's failure to make findings required by Rule 88.01. As previously indicated in Section II.A., although the requirement that a trial court determine and find for the record the presumed correct child support amount pursuant to Form 14 is specifically mandated by Rule 88.01, Rule 88.01 has been adopted by the Missouri Supreme Court in compliance with a statutory mandate in section 452.340.8 that there be a rule in effect establishing child support guidelines. Pursuant to our holding, allegations of error relating to a failure to make findings required by Rule 88.01 in a court-tried case are not preserved for appeal and are thereby waived unless raised in a post-trial motion to amend the court's judgment pursuant to Rule 78.07(c). *See Stuart, supra.*

Our holding is consistent with the purpose and background of the June 2004 amendment to the rule, which is effectively stated by the Western District in *Wilson–Trice:*

> The amendment was intended to reduce and discourage appeals and subsequent technical reversals for errors in the form of judgments that could easily be corrected by bringing them to the attention of the trial judge. Observation has shown that there have been very few second appeals after the findings are made on remand despite what experience tells us are probably few changes on the merits in the new order. We suspect that this is so because often there was substantial evidence in the record to support findings in favor of the non-appealing party but, under our case

law, we could not look to that evidence in the absence of findings.

> The situation before the amendment allowed a substantial waste of judicial time and even more importantly a waste of emotional and financial resources of the parties in appeals securing reversals but with no substantive changes in the court's eventual judgment. Moreover, the then state of appellate review of these types of claims conflicted with the provisions of Rule 84.13(b), which states, "No appellate court shall reverse any judgment unless it finds that error was committed by the trial court against the appellant materially affecting the merits of the action" (emphasis omitted).

191 S.W.3d at 72. A trial court's failure to determine and find for the record the amount of presumed child support pursuant to Form 14 and corresponding failure to comply with Rule 88.01 is an error relating to the form of the judgment that can easily been corrected by bringing it to the attention of the trial court. Requiring parties to file a post-trial motion to amend notifying the trial court of this error is in the interests of judicial economy and is in the interests of minimizing the emotional and financial resources of the parties.

**C. Father did not Preserve his Allegations of Error for Appellate Review by Filing a Post–Trial Motion to Amend the Trial Court's Judgment Pursuant to Rule 78.07(c)**

■ As stated above in Section II.B., allegations of error relating to a failure to make findings required by Rule 88.01 in a court-tried case are not preserved for appeal and are thereby waived unless raised in a post-trial motion to amend the court's judgment pursuant to Rule 78.07(c). Father's point on appeal alleges the trial court's judgment refusing to modify child support was erroneous because it was not supported by the evidence and was against

the weight of the evidence. These allegations of error relate to the trial court's failure to make findings required by Rule 88.01 because it is impossible for us to consider the merits of Father's point in the absence of such findings. Because Father did not file a post-trial motion to amend the trial court's judgment alleging the court failed to make findings required by Rule 88.01, he did not preserve his allegations of error for appellate review pursuant to Rule 78.07(c). We dismiss Father's appeal on the grounds he failed to preserve his allegations of error for review. *See Wilson–Trice,* 191 S.W.3d at 72–73 (dismissing point on appeal on the grounds appellant failed to preserve his allegations of error for appellate review when he did not file a motion to amend the judgment pursuant to Rule 78.07(c)).

### III. CONCLUSION

The appeal is dismissed.

CLIFFORD H. AHRENS and ROY L. RICHTER, JJ., concur.