Timothy HOLLINGSHEAD, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 71775.

Missouri Court of Appeals, Western District.

Nov. 23, 2010.

Susan L. Hogan, Kansas City, MO, for appellant.

Shaun J. Mackelprang and Mary H. Moore, Jefferson City, MO, for respondent.

Before Division Three: VICTOR C. HOWARD, Presiding Judge, THOMAS H. NEWTON, Judge and GARY D. WITT, Judge.

GARY D. WITT, Judge.

Timothy Hollingshead ("Hollingshead") appeals the motion court's denial of his Rule 24.035 [1] motion without an evidentiary hearing. For the reasons set forth herein, the cause is remanded to the motion court.

## Factual Background

Hollingshead pled guilty to one count of murder in the second degree, Section 565.021,[2] pursuant to a plea agreement in exchange for a "lid" of twenty-one years in prison.

In his plea colloquy before the trial court, Hollingshead acknowledged that he understood the terms of the agreement and that his possible maximum sentence was twenty-one years. He indicated that he understood he was giving up his rights to a jury trial and assured the court that his decision was not the result of force, threats, or promises, other than the plea agreement itself. Hollingshead established the factual basis of his guilty plea and that it was likely that a jury would find that he intended to cause serious physical injury to the decedent. He also stated he was satisfied with his legal representation.

---

1. All rule citations are to the Missouri Supreme Court Rules (2010), unless otherwise indicated.

2. All statutory citations are to RSMo 2000, as updated through the 2009 Cumulative Supplement, unless otherwise indicated.

The court accepted Hollingshead's guilty plea and ordered a sentencing assessment report. Hollingshead was sentenced to twenty-one years in prison. On January 27, 2009, Hollingshead filed a timely *pro se* Rule 24.035 Motion to Vacate, Set Aside, or Correct Judgment and Sentence. On September 30, 2009, appointed post-conviction counsel timely filed an amended motion.

The amended post-conviction motion alleged that Hollingshead's guilty plea was not entered knowingly, intelligently, and voluntarily, because plea counsel persuaded him that he would receive no more than fifteen years in prison.

On October 22, 2009, the motion court denied Hollingshead's post-conviction relief motion. The judgment read in its entirety:

Pending before the Court is Movant Timothy Hollingshead's Amended Motion to Vacate, Set Aside, or Correct Judgment and Sentence and Respondent State of Missouri's Response. After a thorough review of the pleadings and applicable case law, the Court finds no factual or legal basis for granting relief.

Accordingly, IT IS HEREBY ORDERED that Movant's Amended Motion to Vacate, Set Aside, or Correct Judgment and Sentence is DENIED.

Hollingshead now appeals.

### Analysis

■ In his sole Point on Appeal, Hollingshead argues the motion court erred when it denied his Rule 24.035 motion for post-conviction relief without issuing findings of fact and conclusions of law that comply with Rule 24.035(j).

■ Missouri Supreme Court Rule 24.035(j) requires the motion court to "issue findings of fact and conclusions of law on all issues presented, whether or not a hearing is held." "Our review of a motion court's decision on a Rule 24.035 motion for post-conviction relief is limited to a determination of whether the court's findings of fact and conclusions of law are clearly erroneous." *Johnson v. State*, 210 S.W.3d 427, 431 (Mo.App. S.D.2006); Rule 24.035(k). "This standard of review, however, presupposes that the motion court carried out its obligation to 'issue findings of fact and conclusions of law on all issues presented, whether or not a hearing is held.'" *Johnson*, 210 S.W.3d at 431 (quoting Rule 24.035(j)).

A denial of a post-conviction motion supported neither by factual findings nor by legal explanation provides nothing for appellate review. Supplying the necessary findings and conclusions by implication would constitute an improper *de novo* review on appeal. Failure to issue findings and conclusions as contemplated by Rule [24.035(j) ] mandates reversal and remand.

*Brown v. State*, 810 S.W.2d 716, 718 (Mo. App. W.D.1991) (citations omitted).

This court considered an almost identical issue in *Gaddis v. State*, 121 S.W.3d 308, 309 (Mo.App. W.D.2003). In *Gaddis*, Gaddis pled guilty to one count of assault in the first degree and one count of armed criminal action. *Id.* Gaddis then filed a *pro se* Rule 24.035 motion, subsequently amended by counsel, which alleged his plea counsel was ineffective because counsel assured Gaddis he would receive ten year sentences on each count if he pled guilty. *Id.* at 309–10. In that case, without holding an evidentiary hearing, the motion court entered the following order:

NOW on this 25 day of Sept, 2002, after a review of the pleadings on file and being fully advise [sic] in the premises, this Court adopts the State's Findings of Fact and Conclusions of Law and hereby overrules Movant's Motion to

Reconsider, Correct, or Amend Judgment and is dismissed without a hearing.

IT IS SO ORDERED

*Id.* at 310.

This court, considering the sufficiency of that order,[3] held that "[s]ince there were no proposed findings of fact and conclusions of law that could be incorporated into the September 25, 2002, order, and the motion court did not adopt the State's motion to dismiss, the order did not meet the requirements of Rule 24.035(j)." *Id.* at 312. This court reversed and remanded the case to the motion court so that it could enter proper findings of fact and conclusions of law required by Rule 24.035(j). *Id.* at 313.

The substance of the motion court's September 25, 2002 order in *Gaddis* and the motion court's order in the case at bar are identical, containing only a bare denial of the motion without any legal or factual basis contained in the record for appellate review. As in *Gaddis*, the motion court here failed to comply with the mandate of Rule 24.035.

The failure of the motion court to comply with Rule 24.035 does not always require reversal. *Id.* at 312. Missouri courts have identified a total of five exceptions to the general rule that failure to comply with Rule 24.035 warrants reversal. *Id.* at 312–13. The Supreme Court of Missouri has identified two such situations:

"(1) when the only issue before the court is one of law, findings of fact are not required, if conclusions of law are made;" and "(2) where the motion court conducted a hearing on a post-conviction motion and no substantial evidence was presented to support the allegation upon which the court failed to make findings." *Id.* at 312 (citing *Barry v. State*, 850 S.W.2d 348, 350 (Mo. banc 1993)). Exception (1) does not apply here because no conclusions of law were made, and exception (2) is not applicable because no evidentiary hearing was held.

The Eastern District of this court has elaborated on three additional exceptions recognized by this court where:

(1) the court failed to "issue a proper conclusion of law on an isolated issue" and it is clear that the movant is entitled to no relief, as a matter of law, and will suffer no prejudice if a remand is denied; (2) there were issues "that were not properly raised or are not cognizable in a post-conviction motion;" and (3) "the motion itself was insufficient."

*Id.* at 313 (quoting *Bowens v. State*, 18 S.W.3d 118, 120 (Mo.App. E.D.2000)). As in *Gaddis*, none of the above exceptions are applicable. Here, the motion was sufficient, raised cognizable issues, and no findings of fact or conclusions of law were made.[4]

3. After receiving this first order, Gaddis filed a Motion for Reconsideration, which advised the motion court that the State's motion did not contain adequate findings of fact or conclusions of law that could be adopted by the motion court. *Gaddis*, 121 S.W.3d at 310. The motion court issued a second order adopting the State's findings of fact and conclusions of law but erred by issuing an order overruling Gaddis' Motion for Reconsideration without ruling on his post-conviction motion. *Id.* at 312. However, for current purposes, only the first motion of September 25, 2002, is relevant.

4. The dissenting opinion makes a persuasive argument concerning the application of Rule 78.07(c) to foreclose Hollingshead's claim of error. We nevertheless decline to rely on that Rule as the basis for decision in this appeal. The State did not argue that Hollingshead failed to preserve his current claim by failing to file a Rule 78.07(c) motion. Because Rule 24.035 provides that, "[t]he procedure to be followed for motions filed pursuant to this Rule 24.035 is governed by the rules of civil procedure *insofar as* applicable," we believe the applicability of Rule 78.07(c) in post-conviction proceedings is better resolved in a

## Conclusion

Because the motion court failed to issue proper findings of fact and conclusions of law adjudicating Hollingshead's post-conviction motion, the judgment is reversed and remanded for the entry of findings of fact and conclusions of law as required by Rule 24.035(j).

NEWTON, Judge, concurs.

HOWARD, Presiding Judge, dissents in separate opinion.

**VICTOR C. HOWARD, Presiding Judge, dissenting.**

Before considering the merits of a point on appeal, we must first determine, sua sponte, whether the issue has been preserved for appellate review. *Pope v. Pope,* 179 S.W.3d 442, 450 (Mo.App. W.D.2005). This applies where a party fails to file a motion to amend pursuant to Rule 78.07(c) but later complains about the form or language of a judgment. *See Crow v. Crow,* 300 S.W.3d 561, 564 (Mo.App. E.D.2009). Hollingshead did not preserve his only claim of error. Accordingly, I would dismiss his appeal.

A motion court must issue findings of fact and conclusions of law on all issues presented in a motion filed under Rule 24.035 or Rule 29.15. This is required by statute, section 547.360.10, and Supreme Court rule, 24.035(j) and 29.15(j). Hollingshead's only complaint is that the motion court erred when it denied his Rule 24.035 motion without issuing adequate findings and conclusions. However, "[i]n all cases, allegations of error relating to the form or language of the judgment, including the failure to make statutorily required findings," must be brought to the

motion court's attention in a motion to amend the judgment in order to be preserved for appellate review. Rule 78.07(c).

The purpose of Rule 78.07(c) is to ensure that complaints about the form and language of judgments are brought to the attention of the trial court where they can be easily corrected, alleviating needless appeals, reversals, and rehearings. *See Wilson–Trice v. Trice,* 191 S.W.3d 70, 72 (Mo. App. W.D.2006). This rule has been applied to dismiss a variety of allegations of error on the basis that they were not preserved for appellate review due to a failure to raise the issue in a Rule 78.07(c) motion to amend the judgment. *See, e.g., Crow,* 300 S.W.3d at 566 (failure to make findings regarding child support amount under Rule 88.01); *Stuart v. Ford,* 292 S.W.3d 508, 517 (Mo.App. S.D.2009) (lack of finding regarding party's current ability to pay judgment of contempt); *In re M.D.D., Jr.,* 219 S.W.3d 873, 875 (Mo.App. S.D.2007) (failure to make statutorily required findings regarding termination of parental rights); *Wilson–Trice,* 191 S.W.3d at 72 (failure to make statutorily required findings to support custody award).[5]

Motions filed pursuant to Rules 29.15 and 24.035 are governed by the rules of civil procedure insofar as applicable. Rule 29.15(a); Rule 24.035(a). If a civil rule hinders the purposes of the post-conviction rules, it does not apply. *Thomas v. State,* 808 S.W.2d 364, 366 (Mo. banc 1991). If the rule enhances those purposes, or is of neutral consequence, it applies. *Id.* Therefore, the question is whether Rule 78.07(c) comports with the purposes of Rules 29.15

case in which the issue has been the subject of a full adversarial presentation.

5. Additionally, this court has previously noted the applicability of Rule 78.07(c) to post-conviction cases. *See Wills v. State,* 321 S.W.3d 375, 387 n. 7 (Mo.App. W.D.2010).

and 24.035 so that it may apply to post-conviction proceedings.

"It is clear that the intent of the framers of Rule 29.15 was to prevent delay, end the use of successive motions, and to discourage 'sandbagging' by the movant." *Rohwer v. State*, 791 S.W.2d 741, 744 (Mo.App. W.D.1990). The common purpose of Rules 24.035 and 29.15 is "to adjudicate claims concerning the validity of the trial court's jurisdiction and the legality of the conviction or sentence of the defendant." *Thomas*, 808 S.W.2d at 366. The rules have an additional purpose: to avoid "delay in the processing of prisoners['] claims and prevent the litigation of stale claims." *Day v. State*, 770 S.W.2d 692, 695 (Mo. banc 1989). "To further that purpose, the new rules contain strictly enforced time constraints which, if not followed, procedurally bar consideration of a movant's claims." *Thomas*, 808 S.W.2d at 366. These time limits place a heightened responsibility on a movant, his counsel and the courts to timely litigate claims. *Rohwer*, 791 S.W.2d at 743.

Given the nature and purpose of post-conviction proceedings, a number of civil rules have been deemed *not to apply* to post-conviction motions in that those civil rules would hinder the purposes underlying Rules 29.15 and 24.035. *See, e.g., Thomas*, 808 S.W.2d at 367 (holding that Rule 51.05 permitting a change of judge in a civil action does not apply to post-conviction motions for relief because, in part, the rule would build "in the very delay Rules 24.035 and 29.15 are designed to eliminate"); *State v. McMillin*, 783 S.W.2d 82, 90 (Mo. banc 1990) (holding that Rule 67.01 permitting the re-filing of a civil case after dismissal without prejudice does not apply because it conflicts with the prohibition against the filing of successive post-conviction claims); *Rohwer*, 791 S.W.2d at 744 (holding that Rule 55.33(b) providing that issues not raised by the pleadings, but tried by implied consent, are treated as raised in the pleadings is inapplicable in that it is inconsistent with post-conviction rules that clearly state that "a movant who fails to properly assert all grounds for relief in timely filed motions, forfeits any remedy available for additional claims").

In contrast, Rule 78.07(c) enhances the purposes of Rules 24.035 and 29.15. The interplay between Rule 78.07(c) and Rules 24.035 and 29.15 is more akin to the circumstances in *Thomas v. State*, 180 S.W.3d 50 (Mo.App. S.D.2005). In that case, the court held that Rule 75.01, which gives the trial court control over a judgment for thirty days after its entry, applied to post-conviction proceedings to allow review of the motion court's ruling before it becomes final. *Id.* at 54. Similarly, Rule 78.07(c) aids the purposes underlying post-conviction proceedings in that it affords the motion court the opportunity to expeditiously make corrections, amendments, and modifications to its judgment. Therefore, Rule 78.07(c) should apply to post-conviction proceedings.

Where Hollingshead failed to file a motion to amend the judgment pursuant to Rule 78.07(c), he has preserved nothing for review, and his appeal should be dismissed.