**Tommy JACKSON, Appellant,**

**v.**

**STATE of Missouri, Respondent.**

**No. ED 97122.**

Missouri Court of Appeals,
Eastern District,
Division One.

May 29, 2012.

Andrew E. Zleit, St. Louis, MO, for Appellant.

Chris Koster, Atty. Gen., Jennifer A. Wideman, Jefferson City, MO, for Respondent.

ROY L. RICHTER, Judge.

Tommy Jackson ("Movant") appeals from the motion court's denial, without an evidentiary hearing, of his Rule 24.035 amended motion.[1] Movant asserts the motion court clearly erred in denying him an evidentiary hearing to consider his claim that he received ineffective assistance of counsel because he pled facts that his plea counsel had not contacted Movant's witnesses prior to advising Movant to plead guilty, and had Movant known this, Movant would not have pled guilty. Further, Movant alleges the motion court erred in failing to issue findings of fact and conclusions of law on Movant's pro se claims attached to his amended motion for post-conviction relief. We reverse and remand for the limited purpose of the trial court making findings, with or without an evidentiary hearing, on whether plea counsel promised Movant a ten- to fifteen-year sentence and told Movant not to mention the promise to the court.

## I. Background

Movant pled guilty on March 23, 2010, to the class A felony of murder in the second degree, in violation of Section 565.021 RSMo 2000[2], two counts of armed criminal action, in violation of Section 571.015, and assault in the first degree, in violation of Section 565.050. During his sentencing hearing on May 26, 2010, the court sentenced Movant to three life sentences and a fifteen-year sentence, all to run concurrently.

Movant later filed a pro se motion for post-conviction relief under Rule 24.035. His appointed counsel filed an amended motion, physically attaching Movant's pro se motion and incorporating the claims therein. The motion court overruled Movant's motion without an evidentiary hearing. This appeal follows.

## II. Discussion

Movant raises two points on appeal. In his first point, Movant alleges the motion court clearly erred in denying his Rule 24.035 motion, without an evidentiary hearing, because he pled facts that his plea counsel had not contacted any of Movant's witnesses prior to advising Movant to plead guilty. These facts, Movant alleges, would warrant relief and were not conclusively refuted by the record. Movant also pled that plea counsel acted unreasonably, and that had Movant known his attorney had not contacted his witnesses before, Movant would not have pled guilty, but would have insisted on a trial. Further, Movant argues that the motion court's ruling that this claim was conclusively refuted is clearly erroneous because it fails to recognize that his claim presented a question of fact that requires an evidentiary hear-

---

1. All rule references are to the Missouri Supreme Court Rules (2008).

2. All subsequent statutory references are to RSMo 2000, unless otherwise indicated.

ing. Movant contends the motion court's ruling deprived Movant of his right to effective assistance of counsel, right against self-incrimination, right to persist in his plea of not guilty, right to due process of law, right to access the courts, right to present a defense, and right to a jury trial, in violation of his constitutional rights under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and Article I, Sections 10, 14, 18(a), 19 and 22 of the Missouri Constitution. Movant requests that this Court reverse the motion court's judgment and remand for a new trial, or in the alternative, for an evidentiary hearing.

In his second point, Movant alleges the motion court erred, in violation of his right to due process of law and right to access the courts, as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, Article I, Sections 10 and 14 of the Missouri Constitution, and Rule 24.035(j), in failing to issue findings of facts and conclusions of law on Movant's pro se claims, which were properly included in his amended motion, and noted by the court, but not ruled upon. Movant requests that this Court reverse the motion court's judgment and remand this case to the motion court with directions to hold an evidentiary hearing or to enter findings of facts and conclusions of law on Movant's pro se post-conviction claims.

### Standard of Review

Our review of the motion court's denial of a Rule 24.035 motion is limited to a determination of whether the motion court's findings and conclusions are clearly erroneous. Rule 24.035(k); *Webb v. State*, 334 S.W.3d 126, 128 (Mo. banc 2011).

A movant is entitled to an evidentiary hearing only if (1) the movant pled facts, not conclusions, warranting relief; (2) the facts alleged are not refuted by the record; and (3) the matters complained of resulted in prejudice to the movant. *Id.* When the movant's claim is one of ineffective assistance of counsel, the movant must allege facts, unrefuted by the record, that (1) trial counsel's performance did not conform to the degree of skill, care and diligence of a reasonably competent attorney and (2) he was thereby prejudiced. *Webb*, 334 S.W.3d at 128. To show prejudice when challenging a guilty plea, the movant must allege facts showing "'that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *Id.* (quoting *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985)).

### Claim that Plea Counsel Failed to Contact Witnesses

In his first point on appeal, Movant argues his plea counsel misled him to believe he actually interviewed Movant's witnesses to support his theory of self defense, when, in fact, plea counsel had not. Movant argues that had he known plea counsel had not interviewed his witnesses, Movant would not have pled guilty but would have insisted on going to trial. Movant states that the witnesses would have supported his version of events by testifying that the address where the shooting took place was a known prostitution and violent drug house where they themselves have experienced being in fear for their lives when passing by the paranoid drug addicts, drug dealers carrying guns, and prostitutes offering sex for drugs and money. Movant claimed that he wanted other witnesses to testify about the reputation of the residence because he was worried that if he alone testified as to the house's reputation, "his testimony would be met with some skepticism." Movant stated that although plea counsel told him he should not proceed with a self-defense theory at trial,

Movant later learned that plea counsel had not contacted his witnesses, and if an evidentiary hearing were held, Movant expected plea counsel to testify that he never contacted any of the people that Movant requested he contact. The record refutes Movant's claim.

During Movant's plea hearing, the motion court asked Movant whether he had a chance to give his plea counsel a list of witnesses to speak to in reference to any possible defense Movant might have. Movant replied yes, and then plea counsel addressed the court on the record: "I have spoken to some of the witnesses that [Movant] gave me, and I've also spoken to my client about what the witnesses would—the other witnesses would say, your Honor. I am apprised of what they could offer." Although Movant pled facts here that may have warranted relief, the facts are refuted by the record. Specifically, plea counsel's testimony on the record during the plea hearing directly contradicts Movant's allegation. The motion court found that the record refutes Movant's allegation, and this Court agrees. Furthermore, the record reflects that the motion court thoroughly questioned Movant about whether he understood his rights, including the right to trial by jury, and waived those rights. Movant clearly stated on the record that he knowingly and voluntarily pleaded guilty. "When a movant pleads guilty and then affirmatively states in court that he is satisfied with the performance of his trial counsel, he is not then entitled to an evidentiary hearing on a claim that counsel was ineffective for failure to investigate, because such claim is refuted by the record." *Simmons v. State*, 100 S.W.3d 143, 146 (Mo.App. E.D.2003). The motion court did not err in denying Movant an evidentiary hearing.

Movant's first point is denied.

### *Motion Court's Failure to Make Findings*

Movant's second point on appeal encompasses four claims raised in his pro se motion, and attached and incorporated into his amended Rule 24.035 motion, which were not addressed by the motion court. The State agrees that the motion court erred in failing to make findings of fact and conclusions of law on Movant's claim 8.b, we therefore remand this matter for the trial court to make findings on Movant's claim 8.b with or without an evidentiary hearing. We further find that the motion court did not err on the remaining three issues.

Rule 24.035(j) provides that "[t]he [motion] court shall issue findings of fact and conclusions of law on all issues presented, whether or not a hearing is held." The findings and conclusions must be sufficient to permit meaningful appellate review. *Muhammad v. State*, 320 S.W.3d 727, 729 (Mo.App. E.D.2010). Appellate review of the denial of a Rule 24.035 motion is "limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous." Rule 24.035(k); *Hollingshead v. State*, 324 S.W.3d 779, 781 (Mo.App. W.D. 2010). This review, however, presupposes that the motion court complied with its Rule 24.035(j) obligation. *Hollingshead*, 324 S.W.3d at 781. Without findings and conclusions by the motion court, the reviewing court must engage in *de novo* review, which is not permitted under Rule 24.035(k). *Id.* Thus, failure to issue findings and conclusions as contemplated by Rule 24.035(j) mandates reversal and remand. *Id.* The motion court's ruling need not be reversed and remanded if "a review of the merits of that claim reveals that movant is entitled to no relief as a matter of law." *Reynolds v. State*, 994 S.W.2d 944, 946 (Mo. banc 1999).

Movant alleged in his pro se motion, claim 8.b, that "counsel persuaded [Movant] with a promise of a [ten– to fifteen–] year sentence and instructed him not to admit to the promise in court so that it would be accepted[.]" Movant claimed plea counsel was ineffective and Movant's plea was involuntary and unintelligent based on this allegation.

The record here reveals that Movant testified his guilty plea was not the result of any threat or promise and he understood he was entering a "blind" guilty plea, which was not the result of a plea bargain. The plea court did not ask Movant whether he was told to lie or withhold information from the court.[3] In claiming that plea counsel told Movant he could not tell the court about plea counsel's promise and that Movant lied to the court when he testified that nobody promised him anything, Movant has alleged facts which require findings. We reverse and remand for findings on this issue alone.

■ Next, we address Movant's allegations raised in his pro se motion and incorporated into his amended motion, claim 8.a, that plea counsel was ineffective in lying to Movant about interviewing his list of witnesses or obtaining an expert on the effects of crack cocaine. We find that Movant's amended motion repeated the substance of his claim regarding plea counsel's failure to interview witnesses, and the trial court's findings and conclusions on this issue were sufficiently detailed, as discussed *supra*. Movant's claim regarding an expert witness on the effects of crack cocaine, however, was not sufficiently addressed by the motion court, but remand on this issue would be futile as Movant is not entitled to relief as a matter of law.

Movant's pro se motion simply alleged that he stated to counsel he believed the crack cocaine the men were smoking was the cause of them becoming paranoid and acting the way they did and causing him to fear for his life. Movant further alleged that he asked plea counsel to talk to an expert in the field of crack cocaine and call him to testify about the behaviors of people who smoke crack cocaine.

■ To establish counsel's ineffectiveness for failing to investigate and call a witness, a movant must demonstrate that counsel knew or should have known of the witness's existence, the witness could have been located through reasonable investigation, the witness would have testified if called, and the witness's testimony would have provided a viable defense. *Hurst v. State*, 301 S.W.3d 112, 117 (Mo.App. E.D. 2010). If that testimony would not have unqualifiedly supported the movant, counsel is not ineffective for failing to call the witness to testify. *Id.*

Here, Movant did not allege that such a crack cocaine expert existed, or that one could be located through reasonable investigation. Movant did not provide the name of any expert witness who would have testified regarding the effects of crack cocaine, and most importantly, Movant gave no explanation of a viable defense which such an expert would have provided. Furthermore, the record reveals that Movant told the plea court that plea counsel had done everything Movant asked him to do. "[A]n appellate court will not order a useless remand to direct the court to issue a proper conclusion of law on an isolated issue where it is clear that the movant is entitled to no relief as a matter of law and will suffer no prejudice by denying a re-

---

**3.** We note that asking such a question would be futile if the Movant was intent on lying to the plea court.

mand." *White v. State,* 57 S.W.3d 341, 343 (Mo.App. E.D.2001).

■ Third, Movant alleges the motion court failed to make findings of fact and conclusions of law regarding his pro se motion, claim 8.d, that Movant's guilty plea was involuntary and unknowing because plea counsel failed to inform Movant that by pleading guilty, Movant was waiving his right to challenge the method in which police collected his statements and evidence against him. The motion court did not err in failing to address this claim specifically.

Rule 24.02 governs the procedure a court must follow to accept a guilty plea, enumerating certain advice of which a defendant is required to receive. Rule 24.02; *Oliver v. State,* 973 S.W.2d 580, 583 (Mo. App. S.D.1998). "Among the purposes of Rule 24.02 is the intention that the court be convinced that the defendant understands the specific charges and the maximum penalty confronting him and that the defendant recognizes that by pleading guilty, he waives a number of legal rights." *State v. Taylor,* 929 S.W.2d 209, 216 (Mo. banc 1996) (internal quotation omitted). When a movant understands that by pleading guilty he is waiving the right to a jury trial, the movant does not have a right to be informed specifically of each detail of the trial by jury that he is waiving. *Wedlow v. State,* 841 S.W.2d 214, 217 (Mo.App. W.D.1992).

Here, Movant's right to forego a challenge to the police methods used in the case against him is not a right enumerated in Rule 24.02. The record further demonstrates that Movant understood he was waiving his right to a jury trial, and he was pleading guilty knowingly and voluntarily. Accordingly, the record refutes Movant's claim, and Movant is not entitled to relief as a matter of law. The motion court did not err in failing to make such findings or conclusions on this claim.

Lastly, Movant alleges the motion court erred in failing to make findings of fact and conclusions of law on Movant's claim 8.c, plea counsel's failure to inform Movant "about [plea counsel's] knowledge of the judge basing his sentencing on aggravating circumstances in his case of a gang related killing" and failing to inform Movant that the judge planned to sentence him to a life sentence. This claim also does not warrant relief.

■ Here, the record demonstrates that plea counsel's communication with the judge occurred only after Movant pled guilty, not before the guilty plea. Thus, plea counsel did not know that the judge would base Movant's sentence on the fact that he believed the crime was gang related any time before Movant pled guilty. Additionally, although plea counsel told Movant's grandmother that Movant would receive a life sentence, plea counsel did so months after Movant pled guilty. Accordingly, plea counsel cannot be ineffective in failing to inform Movant of these facts when he learned them, as it would not have changed whether Movant would have pled guilty. Movant's allegations demonstrate no knowledge on the part of plea counsel prior to the guilty plea. Further, the record demonstrates that Movant knew he was entering a blind guilty plea and that the court was free to sentence Movant within the applicable range of punishment, which was left entirely to the court. Plea counsel's alleged failures here do not render Movant's guilty plea unknowing or involuntary.

## III. Conclusion

The motion court's judgment is reversed and remanded on the limited issue of whether plea counsel was ineffective for promising Movant a ten- to fifteen-year

sentence and telling Movant to lie about the promise to the court. The plea court will determine if an evidentiary hearing is required. The judgment is affirmed in all other respects.

CLIFFORD H. AHRENS, P.J., and GARY M. GAERTNER, JR., J., concur.