

# In the Missouri Court of Appeals
# Eastern District

DIVISION TWO

| | | |
|---|---|---|
| DEBORAH POGUE, | ) | ED107323 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court of |
| | ) | St. Louis County |
| v. | ) | 13SL-DR01477-01 |
| | ) | |
| ANDREW POGUE, | ) | Honorable Jason D. Dodson |
| | ) | |
| Appellant. | ) | Filed:  November 26, 2019 |

## OPINION

Andrew Pogue ("Father") appeals the judgment of the trial court denying his motion to modify child support.  We affirm.

## BACKGROUND

The marriage of Father and Deborah Pogue ("Mother") was dissolved on May 20, 2014. The judgment of dissolution was entered by consent and provided that the parties share joint legal and physical[1] custody of their two minor children with Father paying Mother $105.00 per

---

[1] Each parent was awarded equal periods of physical custody.

month in child support.  In June 2017, Father filed a motion to modify his child support obligation alleging a substantial and continuing change of circumstances.

Mother's gross monthly income had increased from $2,590.00 at dissolution to $5,096.00 at modification.  The parties stipulated Father's imputed gross monthly income of $2,979.00 remained the same.[2]  Both parties included Mother's increased monthly income in their calculation of support pursuant to the Form 14 guidelines.  However, the court specifically found incorporating the increased income into a "correctly calculated Form 14," with a Line 11 thirtyfour percent maximum credit to Father for his overnight visitation yielded only a $7.00 reduction, and concluded this did not constitute a substantial and continuing change of circumstances. The court entered judgment denying Father's motion to modify child support and partially granted Mother's request for attorneys' fees.

## DISCUSSION

Father now raises two points on appeal.  In his first point, Father claims the trial court erred in denying his motion to modify because there was sufficient evidence of a substantial and continuing change of circumstances.  In his second point, Father argues the court erred in partially granting Mother's request for attorneys' fees.

### *Point One*

In point one, Father claims the trial court erred in denying his motion to modify because the decision was against the weight of the evidence.  Father argues there was sufficient evidence of a substantial and continuing change of circumstances.

---

[2] Father testified he was voluntarily unemployed at the time of dissolution and is currently a stay home father relying on an inheritance and his current spouse for his financial support.

## Standard of Review

Our standard of review of the court's decision regarding modification of child support is that of a court-tried case. *Kohl v. Kohl*, 397 S.W.3d 510, 513 (Mo. App. W.D. 2013). Thus, we will affirm the court's judgment unless it is not supported by substantial evidence, it is against the weight of the evidence, or the decision erroneously declares or applies the law. *Id*. We defer to the trial court with regard to determinations of credibility, and we view the evidence in the light most favorable to the court's decision. *Schriner v. Edwards*, 69 S.W.3d 89, 92 (Mo. App. W.D. 2002). We will set aside the trial court's judgment regarding modification of child support on the basis that it is against the weight of the evidence "with caution" and only if there is a firm belief the judgment is wrong. *Id*.

Pursuant to Section 452.370.1 RSMo (2016),[3] child support may be modified "only upon a showing of changed circumstances so substantial and continuing as to make the terms unreasonable." Child support is subject to modification even when, as in this case, the original dissolution decree incorporated a settlement agreement between the parties. *Kohl*, 397 S.W.3d at 513. The parent seeking modification bears the burden of proof. *Id*. Once the party seeking modification has met his burden to show the required change of circumstances, child support shall be determined in accordance with Section 452.340 and the applicable Missouri Supreme Court Rules. *Id*.

The trial court must follow the two-step process set forth in Rule 88.01 when modifying child support. *Cross v. Cross*, 318 S.W.3d 187, 190 (Mo. App. W.D. 2010). First the court must determine the presumed correct amount of child support as calculated by the Form 14. *Id*. (quoting *Crow v. Crow*, 300 S.W.3d 561, 564 (Mo. App. E.D. 2009)). Second, if the court

---

[3] All further statutory references are to RSMo (2016).

concludes this amount is unjust or inappropriate, it must make findings on the record to rebut the presumed correct amount. *Id*. The court can accept the Form 14 amount calculated by a party or reject the parties' Form 14 amounts and prepare its own. *Id*. "Either way a trial court chooses to proceed, the use of Form 14 in calculating child support in a modification proceeding is mandatory . . . ." *Id*.

In denying Father's motion to modify, the trial court found the consent child support in the dissolution judgment deviated from the presumed Form 14 amount because Father's Line 11 adjustment for overnight visitation was fifty percent. However, the Form 14 directions state that thirty-four percent is the maximum adjustment for a parent exercising approximately half of the overnight custody per year, absent a finding the presumed amount is unjust or inappropriate. See Directions, Comments for Use and Examples for Completion of Form No. 14, Line 11 ("If the Court finds that application of these rules, including the line 11 credit, are unjust and inappropriate, it may apply an overnight visitation or custody adjustment of over 34% and up to 50% based upon the circumstances of the parties."); see also *McCandless-Glimcher v. Glimcher*, 73 S.W.3d 68, 77 (Mo. App. W.D. 2002) and *Rackers v. Rackers*, 500 S.W.3d 328 (Mo. App. W.D. 2016).

Father's Form 14 sought a fifty percent credit on Line 11, which would have resulted in support meeting the threshold for modification. However, the court adopted Mother's Form 14 with the thirty-four percent credit for overnight visitation to Father. The court declined to find said amount unjust or inappropriate and concluded the thirty-four percent credit resulted in a $7.00 reduction in child support which was not a substantial and continuing change of

circumstances sufficient to warrant modification.[4]  This finding was supported by the testimony of the parties and was not an abuse of discretion.  Thus, the trial court did not err in denying Father's motion to modify.  Point one is denied.

*Point Two*

In his second point on appeal, Father claims the trial court erred awarding Mother a portion of her attorneys' fees because there was a substantial and continuing change of circumstances warranting modification, Mother has a higher income than Father, and there was no evidence that Father engaged in behavior that increased litigation costs.

*Standard of Review*

We review the trial court's decision to award fees for abuse of discretion.  *Potts v. Potts*, 303 S.W.3d 177, 191 (Mo. App. W.D. 2010).  The court abuses its discretion if the award is so arbitrary and unreasonable as to indicate a lack of careful consideration and shock the sense of justice.  *Id*.

*Analysis*

Section 452.355.1, in relevant part, grants the trial court the authority to order a party to pay attorney's fees after the court considers "all relevant factors including the financial resources of both parties, the merits of the case and the actions of the parties during the pendency of the action . . . ."

---

[4] Due to her significant increase in income, if Father had properly pled Mother be designated as the parent paying support instead of receiving support - based solely upon the stipulated monthly gross income of each party - she may have owed Father child support.  However, his own Form 14 listed his income in the column for the parent paying support and he only requested his support obligation be terminated based upon a fifty percent Line 11 credit.  Thus, the court could not be convicted of error for failing to calculate child support in a manner in which it was not requested.

The trial court specifically notes in its judgment that Mother has a higher income than Father and Father did not engage in unacceptable misconduct while the case was pending. However, the court found that Father's effort to eliminate his child support obligation was unsuccessful, and the case was premised on a $7.00 reduction in support per month. As a result, the court ordered Father to pay $1,500.00 of Mother's $3,767.39 total attorney's fees. In light of the evidence of the parties' financial resources, the minimal reduction in support ultimately supported by the evidence, and Father's failure to succeed in terminating his child support obligation, the court did not abuse its discretion in awarding Mother less than half of her total fees. Point two on appeal is denied.

## CONCLUSION

For the foregoing reasons, the judgment of the trial court is affirmed.

_____
Lisa P. Page, Judge

Philip M. Hess, P.J. and Kurt S. Odenwald, J., concur.